**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT § | | |
| A TEXAS LIMITED PARTNERSHIP, § | | |
| § | | |
| PLAINTIFF, § | | |
| § | | |
| VS. § | | |
| § | | |
| DOES 1 - 1,427 § | C.A. NO.: _____ | |
| § | | |
| DEFENDANTS. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, FUNimation Entertainment, by its attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue in this District is proper pursuant to and 28 U.S.C. § 1400(a).

3. This Court has personal jurisdiction over Defendants because Defendants are residents of this State, including this District, and/or because Defendants' concerted acts of copyright infringement occurred in this State, including this District and finally, because Defendants targeted their tortious conduct at this District, which ultimately harms the market for Plaintiff's content in this District. Therefore, Defendants should anticipate being haled into court in this State.

**NATURE OF THE CASE AND JOINDER**

4. Defendants worked in concert, via the internet, in their related and deliberate acts to

reproduce and distribute an unlawful, digital copy of Plaintiff's copyrighted motion picture, "*The Legend Is Born: IP Man*" by means of a sophisticated file transfer technology called BitTorrent. This technology is unique in that it is designed to be used by a *group* of people working together. The Defendants in this case represent such a group, which is known as a BitTorrent "swarm."

5. The Federal Rules of Civil Procedure provide that multiple parties may be joined as Defendants if the right to relief which Plaintiff is seeking arises "…out of the same transaction, occurrence, or series of transactions or occurrences;" and a "…question of law or fact common to all Defendants will arise in the action." Fed. R. Civ. P. 20 (a)(2). Over a period of two weeks, from May 13, 2011 to May 26, 2011, Defendants all joined the same swarm to unlawfully send and receive pieces of Plaintiff's motion picture to one another until each had obtained a complete copy. These joint acts by the Defendants of sending and receiving pieces of the file to one another constitute the "same series of transactions or occurrences," described in the Federal Rules. The question of law or fact common to all Defendants is, of course, the infringement of Plaintiff's motion picture, which was committed by each and every Defendant in this Complaint.

## PARTIES

6. Plaintiff is an entertainment company, which produces, markets and distributes animated motion pictures and other media in the United States and numerous other territories. Plaintiff brings this action to stop Defendants from copying and distributing unauthorized copies of the animated motion picture, "*The Legend Is Born: IP Man*" over the internet. Plaintiff is both the exclusive U.S. distributor and copyright owner of the motion picture in question, the copyright registration for which has been duly submitted to the U.S. Copyright Office.

7. The true names of Defendants are unknown to Plaintiff at this time. What is known to Plaintiff are the Internet Protocol ("IP") addresses of the internet accounts by which Defendants

conducted their unlawful activities. These IP addresses are assigned to account holders by their internet service provider, such as Comcast, Verizon and Time Warner Cable. The IP addresses, along with the date and time the infringement occurred, can be used by the service provider to identify the persons responsible for the internet accounts in question. The IP addresses of the internet accounts that were witnessed as being involved in the infringing activity, together with the date and time of the infringing activity, are included on Exhibit A hereto. The information obtained during discovery will lead to the identification of the account holders, who may themselves be liable for the infringement, or who, at a minimum, can give Plaintiff its only opportunity to obtain the identities of the true infringers thus enabling Plaintiff to amend this Complaint, replacing John Does with named Defendants. Plaintiff further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as Defendants, since monitoring of this infringement is ongoing.

## CLAIMS OF COPYRIGHT INFRINGEMENT

8. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 7 as if fully set forth herein.

9. Using computers equipped with BitTorrent software, each Defendant sought out a swarm named for Plaintiff's motion picture. Upon finding the swarm, Defendants downloaded a special file called a ".torrent" file, which contains a unique key, known as a hash, that identifies the swarm in question. With this key and other information in the .torrent file, each defendant then connected to this specific swarm that was "sharing" Plaintiff's motion picture and each then began downloading Plaintiff's film, piece by piece, from the other members in the group simultaneously. Every piece of the film that Defendants successfully downloaded would then be made instantly available to new members joining the group and those pieces would be uploaded to new members in

a matter of seconds per piece.

10. Exhibit A lists the IP addresses of the internet accounts by which Defendants collectively participated to reproduce and distribute the copyrighted work in question. In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

11. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

12. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief from Defendants, jointly and severally pursuant, to 17 U.S.C. § 504 and to its reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 505.

13. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted motion picture "*The Legend Is Born: IP Man*," made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

a. For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion picture, "*The Legend Is Born: IP Man*" and any motion picture, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to

the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

b.  For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

c.  For Plaintiff's costs.

d.  For Plaintiff's reasonable attorney's fees.

e.  For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ E. F. Stone
Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Phone: 469-248-5238
E-mail: lawoffice@wolfe-stone.com