## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT | ) | Case No. 2:11-cv-00269 |
| | ) | |
| A TEXAS LIMITED PARTNERSHIP, | ) | Judge:  Hon. David Folsom |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 – 1,427, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## THE ELECTRONIC FRONTIER FOUNDATION'S
## MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

## I.      INTRODUCTION

The Electronic Frontier Foundation ("EFF") respectfully requests that this Court grant leave to file an *amicus curiae* brief in the above-captioned matter, urging the Court to deny Plaintiff's pending Motion for Leave to Take Expedited Discovery.   EFF seeks leave to file because no one currently before this Court represents the interests of the anonymous Doe Defendants whom Plaintiff seeks to unmask.  EFF strongly believes that the Court would benefit from a thorough explanation of (a) the context of the recent nationwide campaign of mass end-user litigation against allegedly infringing downloaders; (b) the substantive and procedural safeguards that protect the Doe Defendants; and (c) the relevant rules regarding joinder and personal jurisdiction and how their rigorous application is especially important in cases in where, as here, the rights of over 1,000 anonymous Defendants are at issue.

With respect to the latter point, EFF's brief will discuss several recent decisions from related cases in other jurisdictions, in which tens of thousands Does have been severed for misjoinder in the past few months alone.  EFF's brief will compile those decisions as of the date

of filing in order to advise the Court of important additional persuasive authority from other courts across the country that have been asked to entertain these novel suits.  EFF will also submit expert analysis that raises serious questions regarding the jurisdiction of the Court to entertain this action.

## II.    INTEREST OF AMICUS

EFF is a non-profit, member-supported civil liberties organization working to protect rights in the digital world.  EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society.  Founded in 1990, EFF is based in San Francisco, California.  EFF has members all over the United States and maintains one of the most linked-to websites (http://www.eff.org) in the world.  Currently, EFF is supported by over 600 paying members in Texas.  In addition, more than 2,700 Texas residents subscribe to EFF's weekly e-mail newsletter, *EFFector*.

As part of its mission, EFF has served as counsel or *amicus* in several cases in which plaintiffs have attempted to sue hundreds or even thousands of anonymous John Doe defendants from all over the country in individual lawsuits, alleging copyright infringement, often of a single pornographic movie.  For example, EFF was appointed attorneys *ad litem* to represent 670 Doe defendants in a similar case in the Northern District of Texas[1] and has participated as amicus in numerous others nationwide.[2]  While EFF takes no position on the merits of the actual

---

[1] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).  There, the plaintiff — represented by Evan Stone, Plaintiff's counsel in the instant case — voluntarily dismissed the case with prejudice following the filing of EFF's motion to quash.  *Id.*, Docket No. ("DN") 9.  A motion for sanctions against Mr. Stone regarding the issuing of subpoenas seeking identity information in contravention of the Federal Rules is still pending.  *Id.*, DN 10.

[2] *See, e.g.*, *Millenium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).

copyright claims in these cases, it is deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit.  Outside the courtroom, EFF offers resources for the many Does in these cases who are seeking counsel and trying to understand the nature of the litigation in which they have become embroiled.[3]  It has also played a leading role in educating the public about the latest developments in these cases.[4]  In short, EFF has been deeply involved in these cases almost from their inception, allowing it to offer the Court a unique perspective.

EFF seeks leave to file its amicus brief in this action because the Plaintiff seeks to use the authority of this Court to unmask thousands of Doe Defendants, in contravention of (1) the federal rules governing joinder, (2) appropriate jurisdiction principles, and (3) well-settled First Amendment jurisprudence.  Especially as there is no indication that the targets of the Complaint have been made aware of these proceedings, EFF respectfully requests that it be permitted to appear in order to submit to the Court a discussion of the relevant legal landscape.

As EFF will explain in detail in its brief, the federal courts protect the rights of individual defendants with procedural and substantive safeguards, several of which this Plaintiff has not followed.  Recognizing the importance of these safeguards, courts nationwide have severed similar cases, effectively dismissing tens of thousands Doe Defendants.  *See, e.g.*, *Third World Media, LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W. Va. Dec. 16, 2010) ("[S]everal courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is

---

[3] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation.  *Subpoena Defense Resources*, Electronic Frontier Foundation, https://www.eff.org/issues/file-sharing/subpoena-defense (last visited June 30, 2011); *Copyright Trolls*, Electronic Frontier Foundation, https://www.eff.org/issues/copyright-trolls (last visited June 30, 2011).

[4] *See, e.g.*, Amanda Becker, *New District Law Group Tackles Movie File-sharing*, Wash. Post (June 14, 2010), http://www.washingtonpost.com/wp-dyn/content/article/2010/06/11/AR2010061105738.html; Greg Sandoval, *EFF's Cohn Fights Copyright's 'Underbelly'*, CNET (Oct. 19, 2010), http://news.cnet.com/8301-31001_3-20020028-261.html.

improper."); *IO Group, Inc. v. Does 1 – 453*, No. 10-4382 (N.D. Cal. Jan. 10, 2011) ("[T]he allegations that defendants simply used the same peer-to-peer network to download plaintiff's work — on many different days at many different times — is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action.").

EFF's concerns are based, in part, on the context of the case.  This litigation is the latest iteration of a disturbing trend of mass copyright cases, in which more than 100,000 people have been sued in lawsuits around the country since March 2010.  These cases do not appear to be filed with the intention of litigating them.  Instead, it seems that in these cases the plaintiffs' lawyers hope to take advantage of the threat of an award of statutory damages and attorneys' fees, the ignorance of those sued about their potential defenses, and the burden of litigating in a foreign jurisdiction to induce the anonymous defendants into settling the case for a payment of roughly $1,500 to $2,500 dollars.[5]  It is no coincidence that this amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.[6]  Thus, the Court's decision on whether Plaintiff will be able to obtain the identities of the Defendants may be the last chance that the Court has to ensure that the Defendants are treated justly.

---

[5] Indeed, plaintiffs' counsel in these cases have made public statements to this effect.  *See, e.g.*, John Council, *Adult Film Company's Suit Shows Texas Is Good for Copyright Cases,* Tex. Lawyer (Oct. 4, 2010), http://www.law.com/jsp/tx/PubArticleTX.jsp?id=1202472786304; *Porn Titans Come Together to Expose Pirates*, The Independent (Sept. 27, 2010), http://www.independent.co.uk/arts-entertainment/films/porn-titans-come-together-to-expose-pirates-2090786.html.

[6] As EFF will describe in its brief, strong defenses exist for many sued.  For example, it appears that Plaintiff in this case would be hard-pressed to prove actual damages caused by any particular Defendant.  Furthermore, there is a reasonable chance that Plaintiff will not have any basis for seeking statutory damages because it has not offered any details about the timing of its copyright registration.  *See* 17 U.S.C. § 412 (2010).  Finally, for the majority of Defendants, this Court simply lacks personal jurisdiction.

### III.     CONCLUSION

For the foregoing reasons, EFF respectfully requests leave to file an *amicus curiae* brief,

and supplemental documents thereto.


Dated:  July 8, 2011                          Respectfully submitted,

                                              By:  /s/ Eric H. Findlay
                                                   Eric H. Findlay (SBN 00789886)
                                                   FINDLAY CRAFT, LLP
                                                   6760 Old Jacksonville Hwy Suite 101
                                                   Tyler, Texas 75703
                                                   (903) 534-1100
                                                   EFindlay@findlaycraft.com

                                                   Matthew Zimmerman
                                                   Corynne McSherry
                                                   ELECTRONIC FRONTIER FOUNDATION
                                                   454 Shotwell Street
                                                   San Francisco, CA 94110
                                                   T: (415) 436-9333
                                                   F: (415) 436-9993
                                                   mattz@eff.org
                                                   www.eff.org


                                                   Attorneys for *Amicus Curiae*
                                                   the Electronic Frontier Foundation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **THE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 8th day of July 2011.

*/s/ Eric H. Findlay*
Eric H. Findlay