**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT | ) | Case No. 2:11-cv-00269 |
| A TEXAS LIMITED PARTNERSHIP, | ) ) | Judge: Hon. David Folsom |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DOES 1 – 1,427, | ) ) | |
| Defendants. | ) ) | |
| | ) ) | |
| _____ | ) | |

**BRIEF OF *AMICUS CURIAE* ELECTRONIC FRONTIER FOUNDATION IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED
DISCOVERY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION .......................................................................................................6

ARGUMENT .............................................................................................................8

I.   PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT HAS PERSONAL
     JURISDICTION OVER THE VAST MAJORITY OF THE DEFENDANTS. ........................8

     A.   Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction
          Over the Defendants Based on the Domicile of the Defendants. ........................................9

     B.   Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction
          Over the Defendants Based on Minimum Contacts with Texas.......................................10

II.  PLAINTIFF HAS NOT SHOWN MASS JOINDER OF DEFENDANTS IS PROPER..........13

     A.   Federal Courts Disapprove of Mass Joinder in Copyright Infringement Cases. ................13

     B.   Plaintiff Has Not Established a Concert of Action Among Defendants. ...........................15

     C.   Plaintiff Has Not Shown a Question of Law or Fact in Common to All Defendants. .......16

     D.   Mass Joinder Will Unfairly Prejudice Defendants. .............................................................17

III. PLAINTIFF HAS NOT MET THE FIRST AMENDMENT TEST FOR UNMASKING
     ANONYMOUS SPEAKERS. ..................................................................................18

     A.   The Right to Engage in Anonymous Speech is Protected by the First Amendment..........18

     B.   Plaintiff's Proposed Discovery Cannot Survive First Amendment Scrutiny. ....................20

          1.   Plaintiff Has Not Made the Requisite *Prima Facie* Case.......................................20

          2.   Defendants' First Amendment Interests Far Outweigh Plaintiff's "Need" for
               Their Identities.....................................................................................................21

CONCLUSION.........................................................................................................22

## <u>TABLE OF AUTHORITIES</u>

### Federal Cases

*Acevedo v. Allsup's Convenience Stores,*
    600 F.3d 516 (5th Cir. 2010) .......................................................................... 11

*ALS Scan, Inc. v. Digital Service Consultants,*
    293 F.3d 707 (4th Cir. 2002) ......................................................................... 5, 6

*Applewhite v. Reichhold Chems.,*
    67 F.3d 571 (5th Cir. 1995) ............................................................................ 11

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...................................................................................... 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................... 7

*BMG Music v. Does 1-203,*
    No. 04-0650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) ............................ 8, 11

*BMG Music v. Does 1-4,*
    No. 06-1579, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006) ............ 8

*Buckley v. Am. Constitutional Law Found.,*
    525 U.S. 182 (1999) ......................................................................................... 13

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ........................................................................................... 5

*Calder v. Jones,*
    465 U.S. 783 (1984) ........................................................................................... 6

*Clemens v. McNamee,*
    615 F.3d 374 (5th Cir. 2010) ......................................................................... 4, 5

*Coleman v. Quaker Oats,*
    232 F.3d 1271 (9th Cir. 2000) ......................................................................... 11

*Coughlin v. Rogers,*
    130 F.3d 1348 (9th Cir. 1997) ......................................................................... 10

*Dendrite Int'l, Inc. v. Doe No. 3,*
    775 A.2d 756 (N.J. App. 2001) ................................................................... 13, 14

*Doe 1 v. Individuals*,
　　561 F. Supp. 2d 249 (D. Conn. 2008) .......................................................................... 14

*Doe v. 2themart.com, Inc.*,
　　140 F. Supp. 2d 1088 (W.D. Wash. 2001) .................................................................... 12

*Enter. Int'l v. Corporacion Estatal Petrolera Ecuatoriana*,
　　762 F.2d 464 (5th Cir. 1985) ......................................................................................... 3

*Fielding v. Hubert Burda Media*,
　　415 F.3d 419 (5th Cir. 2005) ......................................................................................... 6

*Grandbouche v. Clancy*,
　　825 F.2d 1463 (10th Cir. 1987) ................................................................................... 13

*Hardin v. McAvoy*,
　　216 F.2d 399 (5th Cir. 1954) ......................................................................................... 4

*In re Verizon Internet Servs. Inc.*,
　　257 F. Supp. 2d 244 (D.D.C. 2003) ............................................................................ 12

*Int'l Shoe Co. v. Washington*,
　　326 U.S. 310 (1945).................................................................................................... 4, 5

*Interscope Records v. Does 1-14*,
　　558 F. Supp. 2d 1176 (D. Kan. 2008) ......................................................................... 12

*IO Group, Inc. v. Does 1 - 453*,
　　No. 10-4382, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb. 3, 2011) ............................ 8

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
　　615 F.3d 579 (5th Cir. 2010) ......................................................................................... 5

*LaFace Records, LLC v. Does 1-38*,
　　No. 07-0298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)............................................. 8

*LFP Internet Group LLC v. Does 1-3,120*,
　　No. 10-2095 (N.D. Tex. Feb. 10, 2011)....................................................... 8, 9, 10, 11

*London-Sire Records, Inc. v. Doe 1*,
　　542 F. Supp. 2d 153 (D. Mass 2008) ......................................................................... 14

*Luv N' Care v. Insta-Mix, Inc.*,
　　438 F.3d 465 (5th Cir. 2006) ......................................................................................... 5

*McIntyre v. Ohio Elections Comm'n*,
   514 U.S. 334 (1995) ............................................................................................................ 12

*Mick Haig Prods., e.K. v. Does 1-670*,
   No. 10-1900 (N.D. Tex. Apr. 1, 2011) ................................................................................. 2

*Milliken v. Meyer*,
   311 U.S. 457 (1940) .............................................................................................................. 4

*Mosley v. Gen. Motors Corp.*,
   497 F.2d 1330 (8th Cir. 1974) .............................................................................................. 9

*Motown Records v. Does 1-252*,
   No. 04-0439 (N.D. Ga. Aug. 16, 2004) ................................................................................ 9

*New York Times v. Sullivan*,
   376 U.S. 254 (1964) ............................................................................................................ 13

*Reno v. ACLU*,
   521 U.S. 844 (1997) ............................................................................................................ 12

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) ................................................................................................ 6

*SaleHoo Group, Ltd. v. ABC Co.*,
   722 F. Supp. 2d 1210 (W.D. Wash. 2010) ........................................................................ 14

*Shelley v. Kraemer*,
   334 U.S. 1 (1948) ................................................................................................................ 13

*Silkwood v. Kerr-McGee Corp.*,
   563 F.2d 433 (10th Cir. 1977) ............................................................................................ 13

*Sinclair v. TubeSockTedD*,
   596 F. Supp. 2d 128 (D.D.C. 2009) ............................................................................. 2, 14

*Sony Music Entm't, Inc. v. Does 1-40*,
   326 F. Supp. 2d 556 (S.D.N.Y. 2004) ........................................................................... 9, 14

*Stinnette v. Medtronic, Inc.*,
   No. 09-3854, 2010 WL 767558 (S.D. Tex. Mar. 3, 2010) ................................................. 9

*Tank Insulation Int'l, Inc. v. Insultherm, Inc.*,
   104 F.3d 83 (5th Cir. 1997) .................................................................................................. 9

*Tilley v. TJX Cos.*,
    345 F.3d 34 (1st Cir. 2003) ........................................................................... 8

*Twentieth Century Fox Film Corp. v. Does 1-12*,
    No. 04-4862 (N.D. Cal. Nov. 16, 2004) .......................................................... 9

*UMG Recordings, Inc. v. Does 1-4*,
    No. 06-0652, 2006 WL 1343597 (N.D. Cal. Mar. 6, 2006) ............................ 12

*UMG Recordings, Inc. v. Does 1-51*,
    No. 04-0704 (W.D. Tex. Nov. 17, 2004) .................................................... 8, 11

*United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
    960 F.2d 1080 (1st Cir. 1992) .......................................................................... 3

*Virgin Records Am. v. Does 1-44*,
    No. 04-0438 (N.D. Ga. Mar. 3, 2004) .............................................................. 9

*VPR Internationale v. Does 1-1017*,
    No. 11-2068 (C.D. Ill. Apr. 29, 2011). .......................................................... 10

*Washington v. Sandoval*,
    No. 10-0250, 2011 U.S. Dist. LEXIS 43377 (N.D. Cal. Apr. 19, 2011) .......... 10

*West Coast Productions v. Does 1-2010*,
    No. 10-0093 (N.D.W. Va. Dec. 16, 2010) ........................................................ 8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ......................................................................................... 3

*Wright v. Sears Roebuck & Co.*,
    No. 09-1498, 2010 WL 330216 (W.D. La. Jan. 20, 2010) ................................ 9

## Federal Statutes

Fed. R. Civ. P. 20 ................................................................................... 7, 9, 10, 11

Fed. R. Civ. P. 21 ............................................................................................... 12

## Other Authorities

Eriq Gardner, *More Than 100,000 People Have Been Sued for Sharing Movies in the Past
Year*, Hollywood Reporter (Feb. 1, 2011) ......................................................... 1

## INTRODUCTION

The Electronic Frontier Foundation ("EFF") files this *amicus* brief to urge the Court to deny Plaintiff Funimation Entertainment's Motion for Leave to Take Expedited Discovery, filed June 23, 2011.  Pl.'s Mot. for Leave to Take Expedited Disc., Docket No. ("DN") 2.  The motion is an inappropriate attempt to bypass (via an *ex parte* process) the critical substantive and procedural safeguards that would ordinarily protect the interests of the Defendants — which is why similar efforts have been rejected by courts in Texas and around the country.  As such, the motion should be denied.

At the outset, it is critical to understand the context within which this motion, and the underlying lawsuit, was filed.   This case is one of a growing number of other mass copyright cases filed across the country — affecting over 100,000 people[1] to date — that raise serious problems of fairness, due process, and individual justice.  In these cases, plaintiffs have sued hundreds or thousands of unnamed defendants from all over the country, usually alleging a single act of copyright infringement by each defendant.

The suits do not appear to be filed with the intention of litigating them.  Instead, it seems that the plaintiffs' lawyers hope to use the threat of statutory damages and attorney's fees, as well as the ignorance of those sued about their potential defenses, to induce the defendants into settling for a payment of roughly $1,500 to $2,500.  This amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.  And strong defenses exist for many sued.  For example, it is typical in such cases (as here) that a plaintiff's dragnet approach sweeps in significant numbers of defendants over which the court ruling on discovery has no personal jurisdiction. In addition, plaintiffs would be hard-pressed to prove actual damages caused by any

---

[1] *See* Eriq Gardner, *More Than 100,000 People Have Been Sued for Sharing Movies in the Past Year*, Hollywood Reporter (Feb. 1, 2011), http://www.hollywoodreporter.com/blogs/thr-esq/100000-people-sued-sharing-movies-95095.

particular defendant, and statutory damages may not be available because they have not complied with the statutory requirements. In sum, plaintiffs who have filed such cases over the past year appear motivated by the desire to use the federal courts as private investigators, to obtain the identities of potential targets and then to pressure such defendants into a quick settlement.

Indeed, Plaintiff's counsel in this case, remarkably, has confirmed that very intent in another case before the district court for the Northern District of Texas, stating that it was "absolutely correct" that he "fil[ed] these lawsuits without the intention of litigating them."  Pl.'s Resp. to Opp'n for Pl.'s Mot. for Leave to Take Disc., *Mick Haig Prods., e.K. v. Does 1-670*, No. 10-1900 (N.D. Tex. Dec. 16, 2010), (Decl. of Matthew Zimmerman, Ex. A).[2]

While a rightful copyright owner may certainly seek legal redress for alleged infringement, this Plaintiff has not complied with three important procedural safeguards developed by the federal courts.  The first of these safeguards is personal jurisdiction.  Plaintiff's own factual allegations show that almost all of the Defendants are located outside this Court's jurisdiction.  Plaintiff has also failed to allege Defendants have sufficient contacts with Texas to support being haled into court here.  The second safeguard is joinder.  Plaintiff has improperly joined 1,427 unrelated Defendants into this single action, jeopardizing their rights to individual evaluations of their actions and defenses.  Furthermore, Plaintiff has not satisfied the First Amendment test for discovery of the identities of persons who have communicated anonymously

---

[2] Plaintiff's counsel Evan Stone currently faces a pending sanctions motion in the Northern District of Texas for discovery-related misconduct.  *See* General Order, *Mick Haig Prods., e.K.*, No. 10-1900, DN 11 (N.D. Tex. Apr. 1, 2011).  There, as here, the plaintiff filed suit against a large number of unidentified defendants alleging a single count of copyright infringement. There, as here, plaintiff's counsel filed a motion for early discovery.  However, instead of waiting for court approval, he unilaterally sent unauthorized subpoenas to at least ten Internet service providers ("ISPs"), ordering them to produce subscribers' names and addresses.  After his behavior was discovered, Plaintiff's counsel dismissed the case with prejudice.  *Amicus* the Electronic Frontier Foundation, serving in that case as *ad litem* counsel for the Defendants, filed a motion for sanctions, which is currently pending.

online.   As explained in *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128 (D.D.C. 2009)*,* individuals who communicate anonymously online may be identified only after a plaintiff meets a multi-factor test, balancing the right to seek redress for legitimate claims against the fundamental First Amendment right to communicate anonymously.  Plaintiff has failed to satisfy each of these safeguards.

In addition, *amicus* fears that Plaintiff's counsel has misled the Court: Plaintiff's counsel represented that he has "conferred with the key service providers relevant to this discovery," but this statement appears to be false.  *See* Decl. of Matthew Zimmerman ¶ 3.

*Amicus* therefore urges the Court to deny the motion for early discovery and instruct Plaintiff to:

1)   Re-file this action against the individual Defendants, in courts which appear likely to be able to properly exercise personal jurisdiction over the individual Defendants; and

2)   Meet the heightened First Amendment discovery standard prior to making any attempt to unmask the anonymous Defendants.

This ruling may be the last chance the Court has to ensure the Doe Defendants are treated justly before their identities are improperly exposed via discovery.  Because Plaintiff has failed to justify mass joinder, personal jurisdiction, or preliminary discovery, this case should be severed and/or dismissed.

## ARGUMENT

**I.   PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE VAST MAJORITY OF THE DEFENDANTS.**

As a threshold matter, Plaintiff has not met its burden to establish that this Court has personal jurisdiction over the vast majority of the Defendants.  Consequently, this Court may not authorize or enforce any discovery directed at those Defendants.  *See, e.g.*, *Enter. Int'l v.*

*Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985) (no authority

to issue preliminary relief without personal jurisdiction).  *Accord*, *United Elec., Radio and Mach.*

*Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1084 (1st Cir. 1992) (same).

The Due Process Clause imposes on every plaintiff the burden of establishing personal

jurisdiction.  As a fundamental matter of fairness, no defendant should be forced to have his

rights and obligations determined in a jurisdiction with which he has had no contact.  *See World-*

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Accordingly, a plaintiff bears

the burden of pleading facts sufficient to support the Court's exercise of personal jurisdiction

over all putative defendants.  *See, e.g.*, *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010)

(holding "plaintiff bears the burden of establishing personal jurisdiction . . . and that burden is

met by making a *prima facie* showing").  In general, federal courts may exercise personal

jurisdiction over individuals only if (1) a defendant's domicile is within the jurisdiction,[3] or (2) a

defendant has "minimum contacts" with the forum State such that subjecting that defendant to

jurisdiction does not offend "traditional notions of fair play and substantial justice."  *See Int'l*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Milliken v. Meyer*, 311 U.S. 457, 463-64

(1940).

A.    **Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction Over the Defendants Based on the Domicile of the Defendants.**

Plaintiff has plainly failed to make a *prima facie* showing to support domicile as a basis

for jurisdiction.  The only jurisdictional facts alleged by Plaintiff are (1) IP addresses identifying

---

[3] As pled, Plaintiff alleges that the Court has personal jurisdiction over the Defendants based on "residen[cy]" as opposed to domicile.  Complaint ¶ 3.  Residency is an insufficient basis for personal jurisdiction as individuals may have several residencies but only one domicile at a time. *See, e.g.*, *Hardin v. McAvoy*, 216 F.2d 399, 402 (5th Cir. 1954).  Defendants will treat Plaintiff's jurisdictional allegation as one based on domicile and not residency for purposes of this Opposition.

allegedly infringing computers, and (2) dates of allegedly infringing activities.  Complaint, Ex.

A.  No facts relating to domicile appear anywhere in Plaintiff's filings.

On the contrary, the facts pled provide *prima facie* evidence that the vast majority of Doe

Defendants are domiciled outside of Texas.  Using widely available and generally reliable

techniques, *amicus* found that only 114 of the 1,427 Defendants used IP addresses indicating a

connection to Texas.  Decl. of Seth Schoen ¶¶ 2-23.  Plaintiff, however, has made no effort to

separate the IP addresses indicating domicile in Texas from those indicating domicile elsewhere.

As such, this Court must find that it lacks personal jurisdiction based on domicile.

**B.**     **Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction Over the Defendants Based on Minimum Contacts with Texas.**

Alternatively, Plaintiff argues that this Court has personal jurisdiction over the

Defendants because "Defendants' concerted acts of copyright infringement occurred in this state,

[and/or] because Defendants targeted their tortious conduct at" Texas.  Complaint ¶ 3.  Plaintiff

has not met its *prima facie* burden on this point either.

In order for a court to exercise personal jurisdiction over a non-consenting, non-resident

defendant, the Due Process Clause requires a plaintiff to demonstrate that: (1) the non-resident

"has 'minimum contacts' with the forum" and (2) requiring the defendant to defend its interests

in that forum "does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe*,

326 U.S. at 316 (internal quotations omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 474-77 (1985).  That is, "[s]pecific jurisdiction exists when 'the defendant has "purposely

directed" his activities at residents of the forum . . . and the litigation results from alleged injuries

that arise out of related to those activities.'" [4]  *Clemens*, 615 F.3d at 378 (quoting *Burger King*,

---

[4] "'Jurisdiction may be general or specific,' depending on the nature of the defendant's forum-related contacts.  'Where a defendant has continuous and systematic general business contacts with the forum state, the court may exercise *general* jurisdiction over any action brought against

471 U.S. at 472).

To the extent that Plaintiff claims personal jurisdiction based on the cross-border accessibility of information on the Internet, courts have long rejected such theories of effective universal jurisdiction.  As the Fourth Circuit explained in *ALS Scan, Inc. v. Digital Service Consultants*, 293 F.3d 707 (4th Cir. 2002):

> The argument could . . . be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent that they send their electronic signals into the State, establishing those minimum contacts sufficient to subject the sending person to personal jurisdiction in the State where the signals are received. . . . But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated.

*Id.* at 712-13 (citations omitted).  Accordingly, the Fourth Circuit limited the exercise of personal jurisdiction based on Internet usage to situations where the defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts."  *Id.* at 714.  Under this standard, "a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received."  *Id.*

The Fifth Circuit embraced this approach in *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002).  In *Revell*, a retired Associate Director of the FBI sued over alleged defamation in an article placed in the Columbia Journalism Review that was on the Review's website.  Although the article pertained to events that occurred when Revell was in the FBI's Washington, DC office, he filed suit in Texas where he had retired.  Neither defendant (Lidov and Columbia

---

the defendant.'"  *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (emphasis added) (quoting *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal quotations omitted)).  Because Plaintiff does not yet know the identities of the Defendants, it does not — and could not — argue that each has "substantial, continuous, and systematic" contacts with Texas.  Thus, *amicus*'s argument is restricted to specific jurisdiction.

University), however, was aware that Revell was living in Texas at the time of publication.  The

Fifth Circuit held that Revell could not bring suit in Texas even though he would suffer the brunt

of his harm there:

> Knowledge of the particular forum in which a potential plaintiff will bear the
> brunt of the harm forms an essential part of the *Calder* test.  The defendant must
> be chargeable with knowledge of the forum at which his conduct is directed in
> order to reasonably anticipate being haled into court in that forum, as *Calder* itself
> and numerous cases from other circuits applying *Calder* confirm.  Demanding
> knowledge of a particular forum to which conduct is directed, in defamation
> cases, is not altogether distinct from the requirement that the forum be the focal
> point of the tortuous activity because satisfaction of the latter will ofttimes
> provide sufficient evidence of the former.

*Id*. at 475-76 (discussing *Calder v. Jones*, 465 U.S. 783 (1984)).  *See also Fielding v. Hubert*

*Burda Media*, 415 F.3d 419, 424 (5th Cir. 2005) (citing *Revell*).[5]

Plaintiff clearly fails these tests.  As discussed above, the only jurisdictional facts

identified (*i.e.*, the IP addresses it associates with each Defendant) fail to establish the alleged

copyright infringement occurred in this state, particularly as to the evidently non-resident

Defendants.  Furthermore, Plaintiff's allegation that Defendants directed their conduct at Texas

is unsupported by a single fact.  It is a "'naked assertion' devoid of 'further factual

enhancement'" and thus does not satisfy the pleading standard under Federal Rule of Civil

Procedure 8.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal alterations omitted)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  In sum, Plaintiff has failed to

connect any non-resident Defendant to Texas in any cognizable way.

Requiring individuals from across the country to secure counsel far from home, where

they are unlikely to have contacts, creates exactly the sort of hardship and unfairness that

---

[5] In *amicus*'s experience, among the defendants often swept into mass copyright infringement
suits such as this one are individuals who did not themselves download the copyrighted work in
question, but simply made the mistake of maintaining an unsecured wireless network that
allowed neighbors to obtain Internet access.  Whether or not such individuals can be sued for
copyright infringement, at the very least those individuals did not knowingly direct tortious
activity at Texas.

personal jurisdiction requirements exist to prevent.  Here, the hardship is very clear.  When the underlying claim is a single count of copyright infringement, the cost of securing counsel just to defend a defendant's identity is likely more than the cost of settlement and possibly even more than the cost of judgment if the defendant lost in the litigation entirely.

Plaintiff has not met its burden to establish this Court's jurisdiction over the Defendants. Accordingly, *amicus* urges the Court to dismiss the suit against all Defendants.

## II.   PLAINTIFF HAS NOT SHOWN MASS JOINDER OF DEFENDANTS IS PROPER.

Rule 20 of the Federal Rules of Civil Procedure ("Rule 20") allows for joinder of defendants when two conditions are met.  First, a plaintiff must demonstrate that its "right to relief is asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).  Second, "any question of law or fact *common to all defendants* [must] arise in the action."  *Id.* (emphasis added).  Even if these requirements are satisfied, a "court may issue orders — including an order for separate trials — to protect a party against embarrassment, delay, expense, or other prejudice . . . ."  Fed. R. Civ. P. 20(b).

Here, Plaintiff has not shown that joinder of 1,427 Doe Defendants is appropriate or otherwise complies with the Federal Rules of Civil Procedure.

### A.    Federal Courts Disapprove of Mass Joinder in Copyright Infringement Cases.

Plaintiff is not the first to improperly sue numerous unrelated defendants in a single copyright infringement lawsuit, based on the coincidence that they allegedly infringed works owned by the same copyright holder.  *See, e.g.*, *Tilley v. TJX Inc.*, 345 F.3d 34, 42-43 (1st Cir. 2003) (vacating defendant class certification order in copyright infringement case).  Federal courts have long recognized that mass copyright suits may deny individual justice to those

caught up in a plaintiff's indiscriminate dragnet.   Several courts have severed these cases, effectively dismissing tens of thousands of Doe defendants nationwide.  *See, e.g.*, *LFP Internet Group LLC v. Does 1-3,120*, No. 10-2095 (N.D. Tex. Feb. 10, 2011) (*Amicus*'s Request for Judicial Notice ("RJN"), Ex. F) (quashing subpoenas, holding that Plaintiff did not show that the Defendants were "in any way related to each other, or that they acted in concert or as a group in their allegedly offending actions"); *IO Group, Inc. v. Does 1-435*, No. 10-4382, 2011 U.S. Dist. LEXIS 14123, at *2 (N.D. Cal. Feb. 3, 2011) (RJN, Ex. G) ("[T]he allegations that defendants simply used the same peer-to-peer network to download plaintiff's work . . . is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action."); *West Coast Productions v. Does 1-2010*, No. 10-0093 (N.D.W.Va. Dec. 16, 2010) (RJN, Ex. A).

These orders, disapproving of joining large numbers of defendants in a single action under Rule 20, follow a pattern starting as early as 2004.  *See, e.g.*, *BMG Music v. Does 1-203*, No. 04-0650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38*, No. 07-0298, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27, 2008) (severing a lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same networks); *BMG Music v. Does 1-4*, No. 06-1579, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (severing, *sua sponte*, multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement); *UMG Recordings, Inc. v. Does 1-51*, No. 04-0704 (W.D. Tex. Nov. 17, 2004) (RJN, Ex. B) (dismissing without prejudice all but the first of 254 defendants accused of unauthorized music file-sharing); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. 04-4862 (N.D. Cal. Nov. 16, 2004) (RJN, Ex. C) (permitting discovery

to identify first of twelve Doe defendants but staying case against remaining Does until plaintiff could demonstrate proper joinder).[6]

### B.     <u>Plaintiff Has Not Established a Concert of Action Among Defendants.</u>

Persons "may be joined in one action as defendants if any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2).  "The Fifth Circuit has not endorsed a single test to determine when claims arise from the 'same transaction or occurrence.'" *Stinnette v. Medtronic, Inc.*, No. 09-3854, 2010 WL 767558, at *1 (S.D. Tex. Mar. 3, 2010); *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (the "same transaction" test is evaluated on a case-by-case basis).  Claims may arise out of the same transaction or occurrence if they are "logically connected" or "involve substantially the same evidence." *Wright v. Sears Roebuck & Co.*, No. 09-1498, 2010 WL 330216, at *2 (W.D. La. Jan. 20, 2010) (comparing *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997)).  As another Texas federal court confronting almost identical allegations recognized, "merely committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *LFP Internet Group LLC v. Does 1-3120*, No. 10-2095, at 3 (N.D. Tex. Feb. 10, 2011) (RJN, Ex. F) (internal quotations and citations omitted).

Plaintiff advances only one argument in support of this first prong of the test for permissive joinder.  It alleges that "Defendants all joined the same [BitTorrent] swarm," and that this alone establishes all 1,427 of them "worked in concert."  Complaint ¶¶ 4, 5.  But these

---

[6] *Amicus* recognizes that such judicial analysis has not been universal. *See, e.g.*, *Motown Records v. Does 1-252*, No. 04-0439 (N.D. Ga. Aug. 16, 2004) (denying motion to quash); *Virgin Records Am. v. Does 1-44*, No. 04-0438 (N.D. Ga. Mar. 3, 2004) (granting leave to take expedited discovery); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) (applying First Amendment balancing test but denying as premature motion to quash based on misjoinder and lack of personal jurisdiction).

allegations are refuted by Plaintiff's own evidence.  The Complaint alleges that Doe 1 infringed

Plaintiff's copyright on May 21, 2011, and that Doe 2 infringed Plaintiff's copyright on May 17,

2011.  Complaint, Ex. A.  Plaintiff offers no explanation for how two different alleged infringers

could have worked in concert when the alleged infringement occurred during entirely separate

time frames.  In fact, Plaintiff fails to connect any two putative Defendants, alleging only that

they committed the same type of violation in the same way.  *See generally* Schoen Decl. at

¶¶ 25-42 (explaining BitTorrent protocols and addressing likelihood of relationship between

particular Defendants based on use of BitTorrent).  As in the above mentioned Texas case, "the

copyright infringement claim against each Defendant is based on the individual acts of each

Defendant," not on a common transaction or occurrence.  *LFP Internet Group, LLC*, No. 10-

2095, at 3-4 (RJN, Ex. F) (finding "that Defendants' alleged use of the BitTorrent software

system to commit copyright infringement is, without more, insufficient for permissive joinder

under Rule 20").  In sum, Plaintiff simply has not satisfied the first prong of the standard for

joinder under Rule 20.

### C.      Plaintiff Has Not Shown a Question of Law or Fact in Common to All Defendants.

Rule 20's second requirement is that a case will present a "question of law or fact

common to all defendants . . . ."  Fed. R. Civ. P. 20(a)(2)(B).  The "mere fact that all [of a

plaintiff's] claims arise under the same general law does not necessarily establish a common

question of law or fact."  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  "Claims

'involving different legal issues, standards, and procedures' do not involve common factual or

legal questions."  *Washington v. Sandoval*, No. 10-0250, 2011 U.S. Dist. LEXIS 43377, at *4

(N.D. Cal. Apr. 19, 2011) (quoting *Coughlin*, 130 F.3d at 1351).

Plaintiff's allegations do not meet Rule 20's standard.   According to Plaintiff, the

"question of law or fact common to all Defendants is, of course, the infringement of Plaintiff's motion picture, which was committed by each and every Defendant . . . ." Complaint ¶ 5. This misstatement of Rule 20 ignores the wide range of factual circumstances and legal defenses likely to arise out of a pool of over one thousand defendants. Importantly, "IP subscribers are not necessarily copyright infringers." *VPR Internationale v. Does 1-1017*, No. 11-2068, at 2 (C.D. Ill. Apr. 29, 2011) (RJN, Ex. D). As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music*, 2004 WL 953888, at *1. Each Doe Defendant will have unique factual circumstances, and therefore may have unique legal defenses. *See LFP Internet Group LLC*, No. 10-2095, at 4 (RJN, Ex. F) (finding joinder improper "because each Defendant will also likely have a different defense"). This Court should reject Plaintiff's empty statement that this case presents common factual and legal issues.

###    D.    <u>Mass Joinder Will Unfairly Prejudice Defendants.</u>

Even if a plaintiff meets the requirements for permissive joinder under Rule 20(a), courts have broad discretion to refuse joinder or sever a case in order "to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b); *see, e.g.*, *Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 521 (5th Cir. 2010) (citing *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995)); *see also Coleman v. Quaker Oats*, 232 F.3d 1271, 1296 (9th Cir. 2000) (explaining that permissive joinder must "comport with the principles of fundamental fairness").

The Court should exercise that discretion and sever the Doe Defendants.  Of course, joining thousands of unrelated defendants in one lawsuit will make litigation less expensive. Plaintiff may avoid the separate filing fees required for individual cases and enable its counsel to avoid travel.  But cost-efficiency does not justify ignoring well-established joinder principles.[7] Here, joinder raises serious questions of individual fairness and individual justice.  The Court should sever the Defendants and drop Does 2-1,427 from the case.  *See* Fed. R. Civ. P. 21.

## III.   PLAINTIFF HAS NOT MET THE FIRST AMENDMENT TEST FOR UNMASKING ANONYMOUS SPEAKERS.

In addition to its failure to comply with jurisdictional and joinder rules, Plaintiff also fails to apprise the Court of the appropriate discovery standard regarding the unmasking of anonymous online actors.  Instead, Plaintiff cites a handful of cases with more permissive standards, long-since superseded in their respective jurisdictions.  Plaintiff has not yet complied with the correct standard imposed by the First Amendment and, consequently, cannot obtain the information which it seeks.

### A.   The Right to Engage in Anonymous Speech is Protected by the First Amendment.

"[The] decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment."  *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995).  This fundamental right enjoys the same protections whether the context for speech and association is an anonymous political leaflet, an Internet message board or a video-sharing site.  *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to the Internet); *see also, e.g.*, *Doe v. 2themart.com, Inc.*, 140 F.

---

[7] Other courts considering joinder in mass copyright infringement cases have favored individual fairness over efficiency.  *See, e.g.*, General Order, *UMG Recordings, Inc. v. Does 1-51*, No. 04-0704 (W.D. Tex. Nov. 17, 2004) (RJN, Ex. B) (ordering severance of 254 defendants in four cases, noting that "filing fees for the recent four cases totaled $600, whereas the filing fees for 254 separate cases would have been $38,100").

Supp. 2d 1088, 1092 (W.D. Wash. 2001) (the Internet promotes the "free exchange of ideas" because people can easily engage in such exchanges anonymously).

First Amendment protection extends to the anonymous publication of expressive works on the Internet, even if the publication is alleged to infringe copyrights. *See Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("[T]he use of P2P file copying networks to download, distribute or make sound recordings available qualifies as speech entitled to First Amendment protection."); *see also, e.g.*, *Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006); *In re Verizon Internet Servs. Inc.*, 257 F. Supp. 2d 244, 260 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003).

Because the First Amendment protects anonymous speech and association, courts must "be vigilant . . . [and] guard against undue hindrances to . . . the exchange of ideas." *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (1999). Efforts to use the power of the courts to pierce anonymity are subject to a qualified privilege which a court must consider before authorizing discovery.[8] *See, e.g.*, *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977)) ("[W]hen the subject of a discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test before ordering disclosure.").

Courts evaluating attempts to unmask anonymous speakers have adopted standards that balance one person's right to speak anonymously with a litigant's legitimate need to pursue a claim. In reaching this balance, courts have relied on the foundational case of *Dendrite Int'l, Inc.*

---

[8] A court order, even if granted to a private party, is state action and hence subject to constitutional limitations. *See, e.g.*, *New York Times v. Sullivan*, 376 U.S. 254, 265 (1964); *Shelley v. Kraemer*, 334 U.S. 1, 14 (1948).

*v. Doe No. 3*, 775 A.2d 756 (N.J. App. 2001). Under *Dendrite*, a plaintiff must:

1) make reasonable efforts to notify the accused Internet user of the pendency of the identification proceeding and explain how to present a defense;

2) set forth the exact actions of each Doe defendant that constitute actionable cause;

3) allege all elements of the cause of action and introduce *prima facie* evidence for each Doe defendant sufficient to survive a motion for summary judgment; and

4) "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed."

*Dendrite*, 775 A.2d at 760-61. The *Dendrite* test accurately and cogently protects the First Amendment interests of the Defendants and should be applied here.

### B. Plaintiff's Proposed Discovery Cannot Survive First Amendment Scrutiny.

Plaintiff fails the *Dendrite* test demanded of litigants seeking the disclosure of identities of anonymous speakers. Consequently, Plaintiff's request for early discovery should be denied.

### 1. Plaintiff Has Not Made the Requisite *Prima Facie* Case.

In order to unmask anonymous defendants, a plaintiff must present *specific* evidence for *each* defendant. At minimum, a plaintiff must present "competent evidence" regarding the investigative process which forms the basis for its allegations. Because this information must be readily available to the plaintiff, providing it as part of its *prima facie* showing would not be unduly burdensome. *See Dendrite*, 775 A.2d at 772; *see also SaleHoo Group, Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1214 (W.D. Wash. 2010); *Sinclair v. TubeSockTedD*, 596 F .Supp. 2d 128, 131 (D.D.C. 2009); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 164 (D. Mass 2008); *Doe 1 v. Individuals*, 561 F. Supp. 2d 249, 254 (D. Conn. 2008); *Highfields Capital*

*Management, L.P.*, 385 F. Supp. 2d at 974; *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004).

In this case, Plaintiff has not provided sufficient *prima facie* evidence that any Doe Defendant infringed Plaintiff's copyright. Plaintiff merely submitted a list of IP addresses and dates, and claimed that the "IP addresses . . . were witnessed as being involved in the infringing activity." Complaint ¶ 7. Plaintiff offers no further evidence to support this conclusory assertion. It proffers no details about its investigation or what exactly it "witnessed." Without such evidence, Plaintiff is in essence asking the Court simply to accept Plaintiff's word that its belief is based on an investigation conducted in a way that confirms actual copyright infringement. *See generally* Schoen Decl. at ¶ 24 (describing flaws in standard methods for locating alleged copyright infringers). Given the harm that can come from a false or erroneous accusation, this Court should require more.

2.  **Defendants' First Amendment Interests Far Outweigh Plaintiff's "Need" for Their Identities.**

As part of its First Amendment analysis, a court must "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed." *Dendrite*, 775 A.2d at 760-61. Given the myriad procedural problems outlined above, the lack of transparency about the means by which the Plaintiff generated its list of "infringers," and the strength of the defendant's First Amendment right, the Court should prevent Plaintiff from taking further shortcuts.[9]

---

[9] In addition to the substantive requirements identified above, the First Amendment also requires that the anonymous defendants be given adequate notice of the pending action and discovery. *Dendrite*, 775 A.2d at 760-61. Accordingly, if the Court permits discovery, it should require that any subpoena to ISPs seeking the identity of anonymous Internet users must be accompanied by a cover notice ordering the ISP (a) to notify, within seven days of service of the subpoena, any person whose information has been sought that such information may be disclosed, and briefly

## CONCLUSION

Plaintiff has the right to seek legal redress for alleged copyright infringement, but it must follow the due process requirements applicable to all civil litigation.  *Amicus* therefore suggests the Court dismiss the action and require Plaintiff to re-file individual cases against individual Defendants in courts that can properly exercise jurisdiction.  *Amicus* also respectfully urges this Court to sever the Defendants.  Alternatively, should this case move forward, the Court should deny discovery of the identities of Defendants unless Plaintiff can meet the required First Amendment standard.

Dated:  July 8, 2011                            Respectfully submitted,

By: */s/ Eric H. Findlay*
   Eric H. Findlay (SBN 00789886)
   FINDLAY CRAFT, LLP
   6760 Old Jacksonville Hwy Suite 101
   Tyler, Texas 75703
   (903) 534-1100
   EFindlay@findlaycraft.com

   Matthew Zimmerman
   Corynne McSherry
   ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
   San Francisco, CA 94110
   T: (415) 436-9333
   F: (415) 436-9993
   mattz@eff.org
   corynne@eff.org

   Attorneys for *Amicus Curiae*

---

describe their rights and options; and (b) to provide sufficient opportunity for the subscriber to exercise those rights, such as by moving to quash.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 8th  day of July 2011.


*/s/ Eric H. Findlay*
Eric H. Findlay