IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FUNIMATION ENTERTAINMENT A TEXAS LIMITED PARTNERSHIP,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 – 1,427,<br><br>    Defendants. | Case No. 2:11-cv-00269<br><br>Judge: Hon. David Folsom |

## DECLARATION OF MATTHEW ZIMMERMAN

I, Matthew Zimmerman, of full age, certify, declare and state:

1. I am an attorney at law, duly licensed and admitted to practice in the State of California. I am a senior staff attorney at the Electronic Frontier Foundation, a non-profit legal services organization, appearing as *amicus curiae* on behalf of 1,427 unnamed Doe Defendants. The facts contained in the following affidavit are known to me of my own personal knowledge and if called upon to testify, I could and would competently do so.

2. Attached hereto as Exhibit A is a true and correct copy of the Response to Opposition for Plaintiff's Motion for Leave to Take Discovery filed in the matter of *Mick Haig Prods., e.K. v. Does 1-670*, No. 10-1900, Docket No. ("DN") 7 (N.D. Tex. Dec. 16, 2010).

3. In Plaintiff's Motion for Leave to Take Expedited Discovery, Plaintiff's counsel Evan Stone asserts that he "has already conferred with the key service providers relevant to this discovery and agreed upon the essential parameters of a discovery schedule with each service provider listed." Pl's Mot. for Leave to Take Expedited Disc., DN 2 at 1. However, representatives from some of the "key service providers" whose customers' data has been sought

indicate that Stone's statement is incorrect.  I spoke with counsel for two of the listed service providers, and in both cases they denied the existence of such an "agreement."  On July 7, 2011, I spoke by telephone with Sarah B. Deutsch, Vice President and Associate General Counsel for Verizon Communications, who indicated that she was unaware of any agreement between Stone and Verizon regarding discovery in this case.  Similarly, on July 7, 2011, I spoke by telephone with Randy Cadenhead, Privacy Counsel for Cox Communications.  He also denied the existence of any discovery agreement between Stone and Cox Communications.

    I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.  Executed July 7, 2011, in San Francisco, California.

DATED: July 8, 2011　　　　　　　　　　＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　MATTHEW ZIMMERMAN