# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | § | |
| HATTINGER STR. 88 | § | |
| D-44789 BOCHUM, GERMANY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | |
| DOES 1-670 | § | C.A. NO.: 3:10-cv-01900-N |
| | § | |
| DEFENDANTS. | § | |

## RESPONSE TO OPPOSITION FOR PLAINTIFF'S MOTION
## FOR LEAVE TO TAKE DISCOVERY

On November 24, 2010, attorneys ad litem for Defendant Does filed a pleading intended to oppose Plaintiff's Motion for Leave to Take Discovery. [Dkt. #5] Instead, the pleading included only a series of arguments and defenses that are entirely premature in this stage of the proceedings, peppered with personal attacks against Plaintiff's counsel. What the pleading fails to address entirely, is the outright impossibility of scheduling a discovery conference with persons unknown to the Plaintiff. In light of this impossibility, Plaintiff's Motion is a mere procedural formality. Were a Rule 26(f) conference simply possible, both the conference and substantial other discovery would have already taken place, as with any other suit.

Contrary to the assertions of attorneys for the Defense, Plaintiff's counsel does not use or need to use Defendants' identities for the threat of public exposure to pressure defendants into settling. Not surprisingly, Plaintiff's counsel has endured this argument from other attorneys representing defendants in similar cases, to which counsel has responded by offering to proceed

at trial against such defendants anonymously. This offer has yet to be accepted and is often met with speechlessness. Additionally, Plaintiff goes so far as to include this offer in its follow-up demand letters to defendants. *See* Exhibit A to this Response.[1]

Attorneys for the Defense state that Plaintiff is filing these lawsuits without the intention of litigating them. On this point, the attorneys are absolutely correct. As the Court is anecdotally aware and as is reported by Bureau of Justice Statistics, the number of tort cases concluded by trial has steadily declined every decade and was as low as 2% in 2003.[2] Attorneys' proposal that Plaintiff re-file suit against each defendant individually is absurd. Such an action would overwhelm the Court's docket and is in total contradiction to Rule 1 of the Federal Rules of Civil Procedure, which states that the Rules "…should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1

For the aforementioned reasons and all reasons stated in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion, we pray the Court grant Plaintiff's Motion for Leave to Take Discovery, after which time, attorneys for the Defense can move to quash Plaintiff's subpoenas or otherwise represent Doe Defendants in whatever capacity they so desire.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Office: 469-248-5238

---

1 "…due to the sensitive nature of the subject matter involved, we are willing to proceed against you as an anonymous defendant." Exhibit A, Sample of Follow-up Demand Letter.
2 Press Release, Number Of Federal Tort Trials Fell By Almost 80 Percent From 1985 Through 2003 | Bureau of Justice Statistics, http://bjs.ojp.usdoj.gov/content/pub/press/fttv03pr.cfm (last visited on December 16, 2010)