**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FUNIMATION ENTERTAINMENT A TEXAS LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 – 1,427,<br><br>Defendants. | Case No. 2:11-cv-00269<br><br>Judge: Hon. David Folsom |

## *AMICUS CURIAE* THE ELECTRONIC FRONTIER FOUNDATION'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, the Electronic Frontier Foundation ("*amicus*") hereby requests that this Court take judicial notice of the following materials:

- *West Coast Productions v. Does 1-2010*, No. 3:10-CV-93 (N.D.W.Va., Dec. 16, 2010), attached hereto as Exhibit A. In this Order, as well as virtually identical Orders issued in six other "mass copyright" lawsuits, the court found that all defendants except Doe 1 were improperly joined; severed those defendants from the action; and quashed subpoenas seeking identifying information for those defendants. *Combat Zone, Inc., v. Does 1-1,037*, No. 3:10-cv-00095-JPB -JES (N.D.W.Va. Dec. 16, 2010); *Combat Zone, Inc., v. Does 1-245*, No. 3:10-cv-00096-JPB -JES (N.D.W.Va. Dec. 16, 2010); *Patrick Collins, Inc., v. Does 1-118*, No. 3:10-cv-00092-JPB -JES (N.D.W.Va. Dec. 16, 2010); *Patrick Collins, Inc., v. Does 1-281*, No. 3:10-cv-00091-JPB -JES (N.D.W.Va. Dec. 16,

2010); *Third World Media, LLC, v. Does 1-1,243*, No. 3:10-cv-00090-JPB -JES (N.D.W.Va. Dec. 16, 2010); *West Coast Productions, Inc., v. Does 1-2,010*, No. 3:10-cv-00093-JPB -JES (N.D W.Va. Dec. 16, 2010).

- General Order, *In re cases filed by Recording Companies*, filed in *Fonovisa, Inc. v. Does 1-41* (No. A-04-CA-550 LY), *Atl. Recording Corp. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entm't Group, Inc. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), *available at* http://www.txwd.uscourts.gov/ rules/stdord/Austin/recording_111704.pdf and attached hereto as Exhibit B.

- *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004), appending *In the Matter of DIRECTV, INC., Cases pending in the Northern District of California,* No. C-02-5912-JW (July 26, 2004), attached hereto as Exhibit C.

- General Order, *VPR Internationale v. Does 1-1017*, No. 11-2068, Docket No. ("DN") 15 (C.D. Ill. Apr. 29, 2011), attached hereto as Exhibit D.

- *In Re: Copyright Infringement Cases With Doe Defendants Related to Civil Action Number 04-1239*, No. 04-CV-650-CN, DN 17 (E.D. Pa. January 21, 2005), attached hereto as Exhibit E.

- *LFP Internet Group, LLC v. Does 1-3,120*, No. 10-2095 (N.D. Tex. Feb. 10, 2011), attached hereto as Exhibit F. In this Order, as well as virtually identical Orders issued in thirteen other "mass copyright" lawsuits, the court found that all defendants except Doe 1 were improperly joined; severed those defendants from the action; and quashed subpoenas seeking identifying information for those defendants. *Lucas Entertainment Inc. v. Does 1-65*, No. 10-cv-1407-F (N.D. Tex. Feb. 10, 2011); *Lucas Entm't Inc. v.*

2

    *Does 1-185*, No. 10-cv-1537-F (N.D. Tex. Feb. 10, 2011); *VCX Ltd., Inc. v. Does 1-113*, No. 10-cv-1702-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-635,* No. 10-cv-1863-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-319,* No. 10-cv-2094-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-1,106,* No. 10-cv-2096-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group LLC v. Does 1-2,619*, No. 10-cv-2139-F (N.D. Tex. Feb. 10, 2011); *Harmony Films Ltd. v. Does 1-739*, No. 10-cv-2412-F (N.D. Tex. Feb. 10, 2011); *Adult Source Media v. Does 1-247,* No. 10-cv-2605-F (N.D. Tex. Feb. 10, 2011); *D & E Media, LLC v. Does 1-258,* No. 11-cv-00001-F (N.D. Tex. Feb. 10, 2011); *Serious Bidness, LLC v. Does 1-10,* No. 11-cv-2-F (N.D. Tex. Feb. 10, 2011); *Steve Hardeman, LLC v. Does 1-168,* No. 11-cv-00056-F (N.D. Tex. Feb. 10, 2011); *FUNimation Entm't v. DOES 1-1,337*, No. 11-cv-147-F (N.D. Tex. Feb. 10, 2011).

- *IO Group, Inc. v. Does 1-435*, No. 10-4382 (N.D. Cal. Jan. 10, 2011), attached hereto as Exhibit G.

    This request is made in connection with EFF's Response to Plaintiff's Motion for Leave to Take Expedited Discovery.

    A district court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d 858, 868 (N.D. Ill. 2007) (taking judicial notice of state court litigation because "[j]udicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing

parties"). Furthermore, the Federal Rules of Evidence *require* a court to take judicial notice of a matter "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); *see also In re Ravisent Techs., Inc. Sec. Litig.*, No. 00-CV-1014, 2004 U.S. Dist. LEXIS 13255, at * 2 (E.D. Pa. July 12, 2004).

Exhibits A-G are all orders from United States Federal District Courts. It is well established that a court may take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011) (affirming that "the district court took appropriate judicial notice of publicly-available documents . . . which were matters of public record directly relevant to the issue at hand"); *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("Indeed, it is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice."); *Berg v. United Steelworkers of Am., Local 3733*, No. 98-308, 1998 U.S. Dist. LEXIS 4518, at *19-20 (E.D. Pa. April 8, 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1357 (1990) ("matters of public record . . . may also be taken into account")). Specifically, federal courts may take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if those proceedings have a direct relation to matters at issue. *Allen v. City of Los Angeles*, 92 F.3d 842 (9th Cir. 1992).

These documents are offered to show how courts around the nation have handled issues of jurisdiction, joinder and free speech rights in analogous cases. Thus, they are appropriate subject for judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

For the foregoing reasons, the Court may properly consider Exhibits A-G as it reviews *amicus*'s brief.

Dated:  July 8, 2011			Respectfully submitted,


					By  /s/ Eric H. Findlay
					      Eric H. Findlay (SBN 00789886)
					      FINDLAY CRAFT, LLP
					      6760 Old Jacksonville Hwy Suite 101
					      Tyler, Texas 75703
					      (903) 534-1100
					      EFindlay@findlaycraft.com

					      Matthew Zimmerman
					      Corynne McSherry
					      ELECTRONIC FRONTIER FOUNDATION
					      454 Shotwell Street
					      San Francisco, CA 94110
					      T: (415) 436-9333
					      F: (415) 436-9993
					      mattz@eff.org
					      www.eff.org


					      Attorneys for *Amicus Curiae*
					      the Electronic Frontier Foundation




**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this *AMICUS CURIAE* THE ELECTRONIC FRONTIER FOUNDATION'S  REQUEST FOR JUDICIAL NOTICE, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 8th day of July 2011.


					*/s/ Eric H. Findlay*
					Eric H. Findlay