# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**


**WEST COAST PRODUCTIONS, INC.,**

        Plaintiff,

**v.**                                                    **CIVIL ACTION NO.  3:10-CV-93**
                                                         **(BAILEY)**

**DOES 1-2010,**

        Defendants.

## <u>ORDER</u>

Plaintiff West Coast Productions, Inc. is the alleged owner of the copyright of the hardcore pornographic film "Bomb Ass White Booty 14."  The plaintiff brought this suit for copyright infringement against John Does 1-2010, individuals who allegedly illegally downloaded and distributed "Bomb Ass White Booty 14."  When the suit was filed, the plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringement.  To discover the actual names of the Doe defendants in this case, the plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the subpoena.

Upon inspection of the Complaint [Doc. 1] in the above-captioned case, however, this Court now finds that the Doe defendants have been improperly joined.  For the reasons outlined below, the Court finds that all defendants except Doe 1 should be **SEVERED** from this action.

**DISCUSSION**

**I.    Applicable Joinder**

Federal Rule 20(a)(2) of Civil Procedure allows a plaintiff to join multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

**II.    Analysis**

In its Complaint, the plaintiff appears to allege that joinder is based upon the Does' use of some of the same ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same copyright. (See [Doc. 1] at ¶¶ 3-5). "However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Laface Records, LLC, v. Does 1-38*, 2008 WL 544992, *2 (E.D. N.C. Feb. 27, 2008).

Moreover, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendant in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, 2004 U.S. Dist.

2

LEXIS 27782, *19 (M.D. Fla. Apr. 1, 2004 (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this Court finds that the defendants' alleged use of some of the same ISPs and P2P networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.[1]

Further evidence of misjoinder is found in the undeniable fact that each defendant will also likely have a different defense. One district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

*BMG Music v. Does 1-203*, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004).

For this reason also, the Court finds joinder in this case improper. However, insofar as Rule 21 states that misjoinder of parties is not a ground for dismissing an action, this Court will not dismiss the Doe defendants. Instead, following Rule 21, this Court chooses the route of severance. In fact, this Court will sever all Doe defendants except Doe 1. *See BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant). Because all claims except Doe 1, whose ISP is AT&T WorldNet Services, will

---

[1]In fact, in this case the plaintiff alleges that nineteen (19) ISPs were used. (See [Doc. 1-1]. This allegation makes the propriety of joinder even more tenuous.

be severed from this action, the subpoenas served in this action pertaining to any other

Doe defendant are no longer valid.

## CONCLUSION

For the foregoing reasons, the Court finds that:

1. All defendants except Doe 1 are hereby **SEVERED** from this action;

2. The subpoenas served on AT&T WorldNet Services, Charter Communications, Clearwire Corporation, Comcast Cable, Cox Communications, EarthLink, Frontier Communications, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Road Runner, Road Runner Business, Sprint, Sprint PCS, Time Warner Telecom, Verizon Internet Services, WideOpenWest, and Windstream Communications are hereby **QUASHED** as to the severed defendants, Does 2-2010.  In this regard, the plaintiff **SHALL NOTIFY** the recipients of these subpoenas that said subpoenas have been quashed.

3. Plaintiff West Coast Productions, Inc. **MAY**, within thirty (30) days, file individual amended complaints[2] and submit filing fees for those defendants against whom they wish to proceed;

4. Upon election to proceed, Plaintiff's Counsel **SHALL SUBMIT** to the Clerk of the

---

[2]These amended complaints shall proceed only against Does with IP addresses of computers located within the State of West Virginia.  According to testimony presented to the Court, there is a publicly-available website that allows the plaintiff to determine the physical location of each Doe's computer at the time of the alleged copyright infringements. Specifically, Craig Goldberg, who supervises Time Warner Cable, Inc.'s subpoena compliance team, testified that the physical location of any IP address can be determined from a simple Google search.  (Nov. 30, 2010, Hearing Transcript, at 21-26).  Moreover, it appears to the Court that the search for Does from West Virginia can be narrowed by eliminating the Does with ISPs that do not provide internet service within the State.

Court filing fees for each of the amended complaints against John Does 2-2010, which cases shall be assigned separate civil action numbers;

5. Civil Action No. 3:10-CV-93 **SHALL BE** assigned to John Doe No. 1 as an individual defendant. The actions against all other defendants will be deemed to have been filed as of September 24, 2010, the date of the filing of the original Complaint; and

6. The pending motion **[Doc. 7]**, as well as any filings that can be construed as motions, in Civil Action No. 3:10-CV-93 are hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and mail a certified copy to each interested party of record.

**DATED**: December 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE