IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT<br>A TEXAS LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>VS.<br><br>DOES 1 - 1,427<br><br>Defendants. | § § § § § § § § § § § | <br><br><br><br><br><br>C.A. NO.: 2:11-cv-00269 |

## RESPONSE TO ORDER REGARDING AD LITEM APPOINTMENT

Plaintiff welcomes the appointment of attorneys ad litem for the defense for the purpose of complying with the Court's earlier discovery Order of September 12, 2011. (Dkt. #8) That Order required simply that the parties comply with Rule 26 of the Federal Rules of Civil Procedure and make a good faith effort to agree upon various discovery-related matters, including a discovery/case management plan. *Id.*

Immediately subsequent to the issuance of that September Order, the Electronic Frontier Foundation ("EFF"), having already filed an amicus brief opposing any discovery whatsoever[1], asserted that it was only acting as amici and therefore refused to participate in the ordered discovery conference. (Dkt. #9)

Plaintiff feels strongly that the simplest remedy at this stage would be to appoint amici or other counsel as attorneys ad litem, thereby affording them the inherent authority to participate in the ordered conference while simultaneously obviating the need for Plaintiff's Motion for Leave

---

[1] Dkt. #4

to Take Discovery.  (The appearance of *any* attorney for the defense necessarily obviates the need to seek leave of court to conduct discovery.)

On information and belief, Plaintiff is under the impression that the EFF still may not have any intention of making a good faith effort at conducting a discovery conference and instead intends to continue outright opposition to any discovery in this case.  Plaintiff asserts that it is in the interests of justice for whatever ad litem is appointed to make a good faith effort at conducting a discovery conference as the Court previously ordered.  Plaintiff will even stipulate to this conference occurring via phone.  Plaintiff asserts that a "good faith effort" in this context must include reasonable suggestions by ad litems as to how discovery may proceed on a reasonable timeframe, rather than discovery not proceeding at all.

Plaintiff also notes that EFF attorneys in particular are so renown as defenders of internet infringers that a federal court in the Northern District of Texas **reached out to them** to appoint them as attorneys ad litem for the very same purpose in another case.[2]  This appointment was made without compensation because such duties fit squarely within the stated purpose of the EFF.  Moreover, the EFF already took the step of advocating for the infringers at issue by filing its amicus brief in July.  (Dkt. #4)

Though the EFF's Motion for Leave to file that brief was not expressly granted, the Court acknowledged during a Status Conference on December 1, 2011 that it had indeed read the EFF's arguments, ostensibly from that brief.  (*See* Minute Entry on Status Conference, line 10:01am.  Dkt #12)  After allowing this voice of advocacy, the Court should then require, at a minimum, the very minor burden on the EFF [or another attorney ad litem] to make a good faith discovery conference as previously ordered by this Court.

---

[2] *Mick Haig Productions v. Does 1 - 670*, Ca. No. 3:10-cv-01900 (N.D. Tex.)

        Respectfully Submitted,

        s/ *E. F. Stone*
        Evan Stone
        State Bar No. 24072371
        624 W. University Dr., #386
        Denton, Texas 76201
        Phone: 469-248-5238
        E-mail: lawoffice@wolfe-stone.com

## CERTIFICATE OF SERVICE

I certify that a copy of this notice was served on relevant parties by e-mail through the Court's Electronic Notification System (ECF) on December 15, 2011.

s/ *E. F. Stone*