**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FUNIMATION ENTERTAINMENT ) | Case No. 2:11-cv-00269 |
| ) | |
| A TEXAS LIMITED PARTNERSHIP, ) | Judge:  Hon. David Folsom |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DOES 1 – 1,427, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**REPLY OF MOVANTS/PROPOSED *AD LITEM* COUNSEL MATTHEW
ZIMMERMAN, MICHAEL FINDLAY, AND ERIC FINDLAY TO PLAINTIFF'S
RESPONSE TO ORDER REGARDING AD LITEM APPOINTMENT**

Movants and proposed counsel *ad litem* Matthew Zimmerman, Michael Findlay, and Eric Findlay ("Movants") file this brief response to the Court's Order of December 9, 2011, and to Plaintiff's Response to Order Regarding *Ad Litem* Appointment, filed December 14, 2011. Because Plaintiff in its Response ignored the scope of representation proposed by Movants – and because that distinction is key to protecting the interests of the as-yet-unidentified and non-served 1,427 John Doe Defendants here – Movants briefly underscore the concerns here.

*Plaintiff has no intention to litigate this case*.  Instead, Plaintiff is following an increasingly popular yet inappropriate strategy aimed at prematurely obtaining the identities of alleged "infringers" in order to coerce them into settlement – over 92% of whom in this case apparently reside outside the jurisdiction of this Court – with the specter of enormous statutory damages.  Plaintiff's counsel has confirmed as much in the last case in which Movants found themselves opposing his efforts (as *ad litem* counsel in a narrowly circumscribed capacity), a

case in which counsel used the same strategy (there, a case involving allegations of downloading a pornographic film):  "Attorneys for the Defense state that Plaintiff is filing these lawsuits without the intention of litigating them.  On this point, the attorneys are absolutely correct." *Mick Haig Productions v. Does 1-670*, Case No. 3:10-cv-01900-N (N.D. Tex. Dec. 16, 2010) ("Response to Opposition for Plaintiff's Motion for Leave to Take Discovery," Docket No. 7). Plaintiff here in essence seeks to use the Court as a tax-subsidized private investigator and nothing more, interested in the discovery process for its own sake instead of as a tool to litigate and pursue allegedly legitimate claims.  Especially because of the nature of Plaintiff's all-or-nothing gambit, it is all the more important that fundamental principles of fairness – embodied in the legal doctrines of joinder and personal jurisdiction as well as in the procedural requirements of the First Amendment – must be followed.  The Court's decision on whether Plaintiff will be able to obtain the identities of the Defendants may be the last chance that the Court has to ensure that the Defendants are treated justly.

Beyond the shortcomings of Plaintiff's attempts to short-circuit essential procedural protections, Movants come to this case with grave concerns specifically about Plaintiff's counsel in this case, Evan Stone.  As noted in his own filing of December 2, 2011 (since rejected by the court for filing deficiencies), Mr. Stone was recently sanctioned in a nearly-identical case filed in the district court for the Northern District of Texas for "grossly abus[ing] his subpoena power" by issuing subpoenas and obtaining John Doe identity information without court authority.  In that case, Judge Godbey ordered Mr. Stone to (among other things) pay a $10,000 sanction to the court, pay opposing counsel's attorney's fees related to bringing the sanctions motion, and file the sanctions order in every one of Mr. Stone active lawsuits around the country.  *See Mick Haig Productions, e.K., v. Does 1-670*, Case No. 3:10-CV-1900-N, 2011 WL 5104095 (N.D. Tex.

Sept. 9, 2011) (filed as Docket No. 11 in the above captioned matter) (also available at https://www.eff.org/sites/default/files/filenode/mickhaigv670does/mickhaig-17.pdf).    As Mr. Stone seeks to issue precisely the same type of subpoenas using precisely the same flawed reasoning – indeed, he goes beyond his behavior in the *Mick Haig Productions* case and here explicitly argues here that "FRCP 45 does not expressly require a conference prior to the service of subpoenas on a nonparty for the production of electronically stored information" (Docket No. 11) – all of the Defendants (and by extension the Movants who seek to give voice to the Defendants' interests) have reason to be concerned about Mr. Stone's intentions and efforts.

Movants have offered and again propose to represent the 1,427 John Doe Defendants for the limited and express purpose of opposing Plaintiff's motion for expedited discovery.  Movants will not, and there is unequivocally no need to, empower Plaintiff to proceed with discovery, by participating in a Rule 26(f) conference or otherwise.  Indeed, the entire point of dispute between Plaintiff and *amicus* (and Movants) is whether Plaintiff should be able to entangle hundreds or thousands of Defendants in costly litigation at the outset if Plaintiff's suit is potentially and fatally flawed on its face.

Plaintiff's motion for expedited discovery is fully briefed.  Movants will gladly advocate on the John Doe Defendants' behalf on this limited issue.  If the Court agrees with the Plaintiff that it should be allowed to proceed notwithstanding the outstanding misjoinder and jurisdiction problems, Plaintiff can issue discovery then.  At that point, presumably after receiving notice from their respective service providers (to be subpoenaed by Plaintiff), the 1,427 Defendants can raise additional defenses above and beyond those known to Movants at this stage.  But if the Court here and now agrees with Movants on the substance of this fundamental dispute about the propriety of discovery at this stage, the Court can substantially truncate the case or dismiss it

outright, preserving the resources of the Defendants and the Court alike.  As other courts around the country are increasingly discovering in the face of this unfortunate "trend" of mass end-user lawsuits aimed solely at coercing settlements, a moment of care and deliberation on behalf of the absent litigation targets is in everyone's best interest.

Movants respectfully ask that they be appointed counsel *ad litem* **solely** for the purpose of opposing Plaintiff's Motion for Leave to Take Expedited Discovery, filed on June 23, 2011, and that their representation terminate upon disposition of Plaintiff's motion.  In addition, Movants request that the Court grant the EFF's motion of July 8, 2011, to file a brief *amicus curiae* and that the Court treat that brief as the Defendants' opposition to Plaintiff's motion for expedited discovery.   In the event, however, that the Court seeks counsel with a broader scope of representation such as representing the 1,427 Defendants to investigate and coordinate their individual responses to subsequent Plaintiff subpoenas, Movants ask to withdraw from consideration for *ad litem* representation.

Dated:  December 15, 2011          By  /s/ Michael Findlay
                                       Michael Findlay
                                       State Bar No. 24077855
                                       Eric H. Findlay
                                       State Bar No. 00789886
                                       FINDLAY CRAFT, LLP
                                       6760 Old Jacksonville Hwy
                                       Suite 101
                                       Tyler, TX 75703
                                       Telephone: (903) 534-1100
                                       Facsimile: (903) 534-1137
                                       mfindlay@findlaycraft.com
                                       efindlay@findlaycraft.com
                                       On the brief:

                                       Matthew Zimmerman
                                       Electronic Frontier Foundation
                                       454 Shotwell St.
                                       San Francisco, CA 94110

(415) 436-9333 x127
mattz@eff.org

Attorneys for Movants Matthew Zimmerman, Michael
Findlay, and Eric Findlay

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic

service are being served with a copy of this document *via* the Court's CM/ECF system on this the

15th day of December 2011.

*/s/ Michael Findlay*
Michael Findlay