**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT, | ) | Case No. 2:11-cv-00269-DF |
| | ) | |
| Plaintiff, | ) | Judge:  Hon. David Folsom |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 – 1,427, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[CORRECTED] DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR**
**LEAVE TO TAKE EXPEDITED DISCOVERY**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

I. PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE VAST MAJORITY OF THE DEFENDANTS. ........................ 3

    A. Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction Over the Defendants Based on the Domicile of the Defendants ......................................... 4

    B. Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction Over the Defendants Based on Minimum Contacts with Texas. ......................................... 5

II. PLAINTIFF HAS NOT SHOWN MASS JOINDER OF DEFENDANTS IS PROPER. .......... 8

    A. Federal Courts Disapprove of Mass Joinder in Copyright Infringement Cases .................. 8

    B. Plaintiff Has Not Established a Concert of Action Among Defendants. ............................ 9

    C. Plaintiff Has Not Shown a Question of Law or Fact in Common to All Defendants. ....... 10

    D. Mass Joinder Will Unfairly Prejudice Defendants ........................................................ 11

III. PLAINTIFF HAS NOT MET THE FIRST AMENDMENT TEST FOR UNMASKING ANONYMOUS SPEAKERS. ............................................................................................ 12

    A. The Right to Engage in Anonymous Speech is Protected by the First Amendment .......... 12

    B. Plaintiff's Proposed Discovery Cannot Survive First Amendment Scrutiny ..................... 14

        1. Plaintiff Has Not Made the Requisite *Prima Facie* Case. ..................................... 14

        2. Defendants' First Amendment Interests Far Outweigh Plaintiff's "Need" for Their Identities. ....................................................................................... 15

CONCLUSION .................................................................................................................. 15

## TABLE OF AUTHORITIES

### Cases

*Acevedo v. Allsup's Convenience Stores*,
    600 F.3d 516 (5th Cir. 2010) .......................................................................11

*ALS Scan, Inc. v. Digital Service Consultants*,
    293 F.3d 707 (4th Cir. 2002) .........................................................................6

*Applewhite v. Reichhold Chems.*,
    67 F.3d 571 (5th Cir. 1995) ..........................................................................11

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009).................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .....................................................................................7

*Berlin Media Art e.k v. Does 1-654*,
    No. 11–03770JSC, 2001 WL 36383080 (N.D. Cal. Oct. 18, 2011)...................5

*Best Western Int'l v. Doe*,
    2006 WL 2091695 (D. Ariz. July 25, 2006).................................................13

*BMG Music v. Does 1-4*,
    No. 06-1579, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006) ...........9

*BMG Music v. Does 1-203*,
    No. 04-0650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004)..........................9, 11

*Buckley v. Am. Constitutional Law Found.*,
    525 U.S. 182 (1999) ...................................................................................13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ................................................................................5, 7

*Calder v. Jones*,
    465 U.S. 783 (1984) .....................................................................................6

*Clemens v. McNamee*,
    615 F.3d 374 (5th Cir. 2010) .....................................................................4, 5

*Coleman v. Quaker Oats*,
    232 F.3d 1271 (9th Cir. 2000) ....................................................................12

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ................................................................10, 11

*Dendrite Int'l, Inc. v. Doe No. 3*,
775 A.2d 756 (N.J. App. 2001) ........................................................3, 16, 17, 18

*Diabolic Video Productions v. Does 1-2099*,
No. 10-CV-5865-PSG, WL 3100404 (N.D. Cal. May 31, 2011 ........................9

*Doe v. 2themart.com, Inc.*,
140 F. Supp. 2d 1088 (W.D. Wash. 2001) ...............................................13

*Enter. Int'l v. Corporacion Estatal Petrolera Ecuatoriana*,
762 F.2d 464 (5th Cir. 1985) ...............................................................4

*Fielding v. Hubert Burda Media*,
415 F.3d 419 (5th Cir. 2005) ...............................................................6

*Grandbouche v. Clancy*,
825 F.2d 1463 (10th Cir. 1987) ...........................................................13

*Hard Drive Productions v. Does 1-188*,
No. C-11-01566JCS, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) ....................9, 10, 12

*Hard Drive Productions, Inc. v. Does 1-130*,
No. C-11-01566JCS, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011) ..............11

*Highfields Capital Mgmt. v. Doe*,
385 F. Supp.2d 969 (N.D. Cal. 2005)..............................................13, 14

*In re Verizon Internet Servs. Inc.*,
257 F. Supp. 2d 244 (D.D.C. 2003),
*rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003)..................................13

*Incorp Services, Inc. v. Does 1-10*,
No. C11-4660PSG, 2011 WL 5444789 (N.D. Cal. Nov. 9, 2011)....................9

*Independent Newspapers v. Brodie*,
966 A.2d 432 (Md. 2009) .................................................................13

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ....................................................................4, 5

*Milliken v. Meyer*,
311 U.S. 457 (1940) .......................................................................4

*Interscope Records v. Does 1-14,*
　　558 F. Supp. 2d 1176 (D. Kan. 2008).............................................................13

*IO Group, Inc. v. Does 1 - 435,*
　　No. 10-4382, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb. 3, 2011).............................8

*Jackson v. Tanfoglio Giuseppe, S.R.L.,*
　　615 F.3d 579 (5th Cir. 2010) ...................................................................5

*LaFace Records, LLC v. Does 1-38,*
　　No. 07-0298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) ...............................................9

*LFP Internet Group, LLC v. Does 1-3,120,*
　　No. 3:10-cv-02095 (N.D. Tex. Feb. 10, 2011) ........................................8, 10, 11

*Luv N' Care v. Insta-Mix, Inc.,*
　　438 F.3d 465 (5th Cir. 2006) ...................................................................5

*McIntyre v. Ohio Elections Comm'n,*
　　514 U.S. 334 (1995) ...........................................................................12

*Mick Haig Productions, e.K., v. Does 1-670,*
　　Case No. 3:10-CV-1900-N, 2011 WL 5104095 (N.D. Tex. Sept. 9, 2011) ......................2

*Mortgage Specialists v. Implode-Explode Heavy Industries,*
　　999 A.2d 184 (N.H. 2010)......................................................................17

*Mosley v. Gen. Motors Corp.,*
　　497 F.2d 1330 (8th Cir. 1974) ..................................................................9

*Motown Records v. Does 1-252,*
　　No. 04-0439 (N.D. Ga. Aug. 16, 2004) ...........................................................9

*On the Cheap, LLC v. Does 1-5011,*
　　No. C10-4475BZ, 2011 WL 4018258 (N.D. Cal. Sept. 6, 2011)................................7, 10

*Pacific Century Intern Ltd. v. Does 1-101,*
　　2011 WL 5117424 (N.D. Cal. Oct. 27, 2011) ......................................7, 11, 12

*Raw Films, Inc. v. Does 1-32,*
　　No. 1:11-CV- 2011 WL 6840590 (N.D. Cal. Dec. 29, 2011) .........................................10

*Reno v. ACLU,*
　　521 U.S. 844 (1997) ...........................................................................13

*Revell v. Lidov,*
    317 F.3d 467 (5th Cir. 2002) ........................................................................6

*Silkwood v. Kerr-McGee Corp.,*
    563 F.2d 433 (10th Cir. 1977) ....................................................................13

*Sony Music Entm't, Inc. v. Does 1-40,*
    326 F. Supp. 2d 556 (S.D.N.Y. 2004) ....................................................9, 13

*Stinnette v. Medtronic, Inc.,*
    No. 09-3854, 2010 WL 767558 (S.D. Tex. Mar. 3, 2010) ..............................9

*Tank Insulation Int'l, Inc. v. Insultherm, Inc.,*
    104 F.3d 83 (5th Cir. 1997) ........................................................................9

*Third Degree Films v. Does 1-3577,*
    No. C11-02768LB, 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011) ..............6, 11

*Tilley v. TJX Inc.,*
    345 F.3d 34 (1st Cir. 2003)..........................................................................8

*Twentieth Century Fox Film Corp. v. Does 1-12,*
    No. 04-4862 (N.D. Cal. Nov. 16, 2004) ........................................................9

*UMG Recordings, Inc. v. Does 1-4,*
    No. 06-0652, 2006 WL 1343597 (N.D. Cal. Mar. 6, 2006) ..........................13

*UMG Recordings, Inc. v. Does 1-51,*
    No. 04-0704 (W.D. Tex. Nov. 17, 2004)....................................................9, 12

*United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.,*
    960 F.2d 1080 (1st Cir. 1992)......................................................................4

*Virgin Records Am. v. Does 1-44,*
    No. 04-0438 (N.D. Ga. Mar. 3, 2004) ..........................................................9

*VPR Internationale v. Does 1-1017,*
    No. 11-2068 (C.D. Ill. Apr. 29, 2011) ........................................................11

*Washington v. Sandoval,*
    No. 10-0250, 2011 U.S. Dist. LEXIS 43377 (N.D. Cal. Apr. 19, 2011)..........11

*West Coast Productions v. Does 1-2010,*
    No. 3:10-cv-00093 (N.D.W. Va., Dec. 16, 2010) ..........................................8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ....................................................................................4

*Wright v. Sears Roebuck & Co.*,
    No. 09-1498, 2010 WL 330216 (W.D. La. Jan. 20, 2010) ..................................9

**Statutes**

17 U.S.C. § 410 .............................................................................................2

17 U.S.C. § 412 .............................................................................................2

28 U.S.C. § 1400 ...........................................................................................4

**Rules**

Fed. R. Civ. P. 8 ...........................................................................................7

Fed. R. Civ. P. 20 ..............................................................................8, 9, 10, 11

Fed. R. Civ. P. 21 .........................................................................................12

**Constitutional Provision**

U.S. Const. am. 1 ...................................................................................*passim*

**Other Authorities**

Eriq Gardner, *More Than 100,000 People Have Been Sued for Sharing Movies in the Past
    Year*, Hollywood Reporter (Feb. 1, 2011) ......................................................1

## INTRODUCTION

This Court has appointed the undersigned to represent the 1,427 John Doe Defendants as attorneys *ad litem* for the sole purpose of responding to Plaintiff Funimation Entertainment's Motion for Leave to Take Expedited Discovery, filed June 23, 2011.  Pl.'s Mot. for Leave to Take Expedited Disc., Docket No. ("DN") 2.  *See* Order of January 20, 2012, DN 18.  The motion is an inappropriate attempt to bypass (via an *ex parte* process) the critical substantive and procedural safeguards that would ordinarily protect the interests of the Defendants, which is why similar efforts have been rejected by courts in Texas and around the country.  As such, the motion should be denied.

At the outset, it is critical to understand the context in within which this motion, and the underlying lawsuit, was filed.  This case is one of a growing number of other mass copyright cases filed across the country that raise serious problems of fairness, due process, and individual justice.  In these cases, plaintiffs have sued hundreds or thousands of unnamed defendants from all over the country, usually alleging a single act of copyright infringement by each defendant.[1]

The suits do not appear to be filed with the intention of litigating them.  Instead, it seems that the plaintiffs' lawyers hope to use the threat of statutory damages and attorney's fees, as well as the ignorance of those sued about their potential defenses, to induce the defendants into settling for a payment of roughly $1,500 to $2,500.  This amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.  And strong defenses exist for many sued.  For example, it is typical in such cases (as here) that a plaintiff's dragnet approach sweeps in significant numbers of defendants over which the court ruling on discovery has no personal jurisdiction.  In addition, plaintiffs would be hard-pressed to prove actual damages caused by any particular defendant, and statutory damages may not be available because they have not complied with the statutory requirements.  (Indeed, as of January 27, 2012, a search on the Copyright Office's online registration search returns no registration record for the Plaintiff's movie at issue in this case, "The Legend Is Born: IP Man."  *See* Declaration of Matthew

---

[1] *See* Eriq Gardner, *More Than 100,000 People Have Been Sued for Sharing Movies in the Past Year*, Hollywood Reporter (Feb. 1, 2011), http://www.hollywoodreporter.com/blogs/thr-esq/100000-people-sued-sharing-movies-95095.

Zimmerman filed January 30, 2012 ("Zimmerman Decl.") ¶ 3.  If the film was not registered before the alleged acts of infringement, then statutory damages and attorney's fees are not available against the Defendants.[2])  In sum, plaintiffs who have filed such cases over the past year appear motivated by the desire to use the federal courts as private investigators, to obtain the identities of potential targets and then to pressure such defendants into a quick settlement.

Plaintiff's counsel in this case (Evan Stone) has, remarkably, confirmed as much in briefing in another case before the District Court for the Northern District of Texas, stating that it was "absolutely correct" that he "fil[ed] these lawsuits without the intention of litigating them." Pl.'s Resp to Opp'n for Pl.'s Mot. for Leave to Take Disc., *Mick Haig Prods., e.K. v. Does 1-670*, No. 10-1900 (N.D. Tex. Dec. 16, 2010), (Exhibit A to Zimmerman Decl.).  But Defendants' concerns about Mr. Stone go well beyond his overall strategy.  As noted in his own filing of December 2, 2011 (since rejected by the court for filing deficiencies), Mr. Stone was recently sanctioned in the above-cited case for "grossly abus[ing] his subpoena power" by issuing subpoenas and obtaining John Doe identity information without court authority.  In that case, Judge Godbey ordered Mr. Stone to (among other things) pay a $10,000 sanction to the court, pay opposing counsel's attorney's fees related to bringing the sanctions motion, and file the sanctions order in every one of Mr. Stone active lawsuits around the country.  *See Mick Haig Productions, e.K., v. Does 1-670*, Case No. 3:10-CV-1900-N, 2011 WL 5104095 (N.D. Tex. Sept. 9, 2011) (filed as DN 11 in the above captioned matter).[3]  As Mr. Stone seeks to issue precisely the same type of subpoenas using precisely the same flawed reasoning — indeed, he goes beyond his behavior in the *Mick Haig Productions* case and here explicitly argues here that "FRCP 45 does not expressly require a conference prior to the service of subpoenas on a nonparty for the production of electronically stored information" (DN 11) — all of the Defendants in this case have reason to be concerned about Mr. Stone's intentions and efforts.

---

[2] *See* 17 U.S.C. §§ 412; 410(d).

[3] Mr. Stone failed to comply with Judge Godbey's initial sanctions order, and Judge Godbey subsequently granted the Defendants' motion for contempt sanctions on January 24, 2012.  *See Mick Haig Productions, e.K., v. Does 1-670*, Case No. 3:10-CV-1900-N (N.D. Tex. January 24, 2012) (attached as Exhibit B to Zimmerman Decl.)..

While a rightful copyright owner may certainly seek legal redress for alleged infringement, this Plaintiff has not complied with three important procedural safeguards developed by the federal courts.  The first of these safeguards is personal jurisdiction.  Plaintiff's own factual allegations show that almost all of the Defendants are located outside this Court's jurisdiction.  Plaintiff has also failed to allege Defendants have sufficient contacts with Texas to support being haled into court here.  The second safeguard is joinder.  Plaintiff has improperly joined 1,427 unrelated Defendants into this single action, jeopardizing their rights to individual evaluations of their actions and defenses.   Furthermore, Plaintiff has not satisfied the First Amendment test for discovery of the identities of persons who have communicated anonymously online.

Finally, Defendants fear that Plaintiff's counsel has misled the Court:  Plaintiff's counsel represented that he has "conferred with the key service providers relevant to this discovery," but after conversations with some of those service providers, that statement appears to be false.  *See* Zimmerman Decl. ¶ 2.

Defendants' counsel therefore urges the Court to deny the motion for early discover, sever the case, and instruct Plaintiff to:  (1) re-file this action against the individual Defendants, in courts which appear likely to be able to properly exercise personal jurisdiction over the individual Defendants; and (2) meet the heightened First Amendment discovery standard prior to making any attempt to unmask any of the anonymous Defendants.  This ruling may be the last chance the Court has to ensure the Doe Defendants are treated justly before their identities are improperly exposed.  Because Plaintiff has failed to appropriately justify mass joinder, personal jurisdiction, or preliminary discovery, this case should be severed and/or dismissed.

## ARGUMENT

**I.      PLAINTIFF HAS NOT ESTABLISHED THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE VAST MAJORITY OF THE DEFENDANTS.**

As a threshold matter, Plaintiff has not met its burden to establish that this Court has personal jurisdiction over the vast majority of the Defendants.  Consequently, this Court may not authorize discovery directed at the Defendants.  *See, e.g., Enter. Int'l v. Corporacion Estatal*

*Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985) (no authority to issue preliminary relief without personal jurisdiction); *accord United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1084 (1st Cir. 1992) (same).

The Due Process Clause imposes on every plaintiff the burden of establishing personal jurisdiction.  As a matter of fundamental fairness, no defendant should be forced to have his rights and obligations determined in a jurisdiction with which he has had no contact.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Accordingly, a plaintiff bears the burden of pleading facts sufficient to support the Court's exercise of personal jurisdiction over all putative defendants.  *See, e.g., Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (holding "plaintiff bears the burden of establishing personal jurisdiction . . . and that burden is met by making a *prima facie* showing").  In general, courts may exercise personal jurisdiction over individuals only if (1) a defendant's domicile is within the jurisdiction, or (2) a defendant has "minimum contacts" with the forum State such that subjecting that defendant to jurisdiction does not offend "traditional notions of fair play and substantial justice."  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Milliken v. Meyer*, 311 U.S. 457, 463-64 (1940).

A.  **Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction Over the Defendants Based on the Domicile of the Defendants.**

Plaintiff has plainly failed to make a *prima facie* showing to support domicile as a basis for jurisdiction.  The only jurisdictional facts alleged by Plaintiff are (1) IP addresses identifying allegedly infringing computers, and (2) dates of allegedly infringing activities.  Compl., Ex. A (DN 1).  No facts relating to domicile appear anywhere in Plaintiff's filings.[4]

On the contrary, the facts pled provide *prima facie* evidence that the vast majority of Doe Defendants are domiciled outside of Texas.  Using widely available and generally reliable techniques, Defendants' counsel found that only 114 of the 1,427 Defendants used IP addresses indicating a connection to Texas.  Declaration of Seth Schoen filed January 30, 2012 ("Schoen

---

[4] Plaintiff additionally fails to establish venue against out-of-district Defendants.  Under the copyright venue provision, "venue is proper 'in the district in which the defendant or his agent resides or may be found.'"  *Berlin Media Art e.k.*, 2001 WL 36383080, at *3 (citing 28 U.S.C. §1400(a)).

Decl.") ¶¶ 2-23; *see also Berlin Media Art e.k v. Does 1-654*, No. 11–03770JSC, 2001 WL 36383080, at *2 (N.D. Cal. Oct. 18, 2011) (finding no *prima facie* showing of personal jurisdiction where plaintiff only presented IP addresses without "facts to demonstrate that any of the IP addressees belong[ed] to users located in th[e] [d]istrict"). Plaintiff, however, has made no effort to separate the IP addresses indicating domicile in Texas from those indicating domicile elsewhere. As such, this Court must find that it lacks personal jurisdiction based on domicile.

      **B.**      **Plaintiff Has Not Made a *Prima Facie* Showing that the Court Has Personal Jurisdiction Over the Defendants Based on Minimum Contacts with Texas.**

Alternatively, Plaintiff argues that this Court has personal jurisdiction over the Defendants because "Defendants' concerted acts of copyright infringement occurred in this state, [and/or] because Defendants targeted their tortuous conduct at" Texas. Compl. ¶ 3. Plaintiff has not met its *prima facie* burden on this point either.

In order for a court to exercise personal jurisdiction over a non-consenting, non-resident defendant, the Due Process Clause requires a plaintiff to demonstrate that: (1) the non-resident "has 'minimum contacts' with the forum" and (2) requiring the defendant to defend its interests in that forum "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). That is, "[s]pecific jurisdiction exists when 'the defendant has "purposely directed" his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of related to those activities.'"[5] *Clemens*, 615 F.3d at 378 (quoting *Burger King*, 471 U.S. at 472).

To the extent that Plaintiff claims personal jurisdiction based on the cross-border accessibility of information on the Internet, courts have long rejected such theories of effective

---

[5] "'Jurisdiction may be general or specific,' depending on the nature of the defendant's forum-related contacts. 'Where a defendant has continuous and systematic general business contacts with the forum state, the court may exercise *general* jurisdiction over any action brought against the defendant.'" *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (emphasis added) (quoting *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal quotations omitted)). Because Plaintiff does not yet know the identities of the Defendants, it does not — and could not — argue that each has "substantial, continuous, and systematic" contacts with Texas. Thus, the argument is restricted to specific jurisdiction.

universal jurisdiction.   As the Fourth Circuit explained in *ALS Scan, Inc. v. Digital Service Consultants*, 293 F.3d 707 (4th Cir. 2002):

> The argument could . . . be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent that they send their electronic signals into the State, establishing those minimum contacts sufficient to subject the sending person to personal jurisdiction in the State where the signals are received. . . . But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated.

*Id.* at 712-13 (citations omitted).   Accordingly, the Fourth Circuit limited the exercise of personal jurisdiction based on Internet usage to situations where the defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts."   *Id.* at 714.   Under this standard, "a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received."   *Id.*

The Fifth Circuit embraced this approach in *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002).   In *Revell*, a retired Associate Director of the FBI sued over alleged defamation in an article placed in the Columbia Journalism Review that was on the Review's website.   Although the article pertained to events that occurred when Revell was in the FBI's Washington, DC office, he filed suit in Texas where he had retired.   Neither defendant (Lidov and Columbia University), however, was aware that Revell was living in Texas at the time of publication.   The Fifth Circuit held that Revell could not bring suit in Texas even though he would suffer the brunt of his harm there.   *Id.* at 475-76 (discussing *Calder v. Jones*, 465 U.S. 783 (1984)); *see also Fielding v. Hubert Burda Media*, 415 F.3d 419, 424 (5th Cir. 2005) (citing *Revell*).[6]

---

[6]  In defense counsel's experience, among the defendants often swept into mass copyright infringement suits such as this one are individuals who did not themselves download the copyrighted work in question, but simply made the "mistake" of maintaining an unsecured wireless network that allowed neighbors to obtain Internet access.   Whether or not such individuals can be sued for copyright infringement, at the very least those individuals did not knowingly direct tortuous activity at Texas.   *See generally Third Degree Films v. Does 1-3577*, No. C11-02768LB, 2011 WL 5374569, at *4 (N.D. Cal. Nov. 4, 2011) (dismissing over 3,000 anonymous defendants included in an early discovery request, and noting that "the ISP subscribers may not be the individuals who infringed upon Plaintiff's copyright"); *Pacific*

More recently, the Northern District of California (in a mass Internet downloading case involving the BitTorrent protocol such as the case here) found that out-of-state defendants, even if "engaged in concerted activity with the California defendants," had not sufficiently availed themselves of the forum to establish personal jurisdiction. *On the Cheap, LLC v. Does 1-5011*, No. C10-4475BZ, 2011 WL 4018258, at *4 (N.D. Cal. Sept. 6, 2011) (citing *Burger King*, 471 U.S. at 475). The court reasoned that an assumption of personal jurisdiction over out-of-state Doe defendants — solely because they acted in the same manner as in-state defendants — would eviscerate the concept of purposeful availment by subjecting those out-of-state users to suit in any state. *Id*.

Plaintiff clearly fails these tests.  As discussed above, the only jurisdictional facts identified (*i.e.*, the IP addresses it associates with each Defendant) give no indication the alleged copyright infringement occurred in this state.  Furthermore, Plaintiff's allegation that Defendants directed their conduct at Texas is unsupported by a single fact.  It is a "'naked assertion' devoid of 'further factual enhancement'" and thus does not satisfy the pleading standard under Federal Rule of Civil Procedure 8.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal alterations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  In sum, Plaintiff has failed to connect any non-resident Defendant to Texas in any cognizable way.

Requiring individuals from across the country to secure counsel far from home, where they are unlikely to have contacts, creates exactly the sort of hardship and unfairness that personal jurisdiction requirements exist to prevent.  Here, the hardship is very clear.  When the underlying claim is a single count of copyright infringement, the cost of securing counsel just to defend a defendant's identity is likely more than the cost of settlement and possibly even more than the cost of judgment if the defendant lost in the litigation entirely.

Plaintiff has not met its burden to establish this Court's jurisdiction over the Defendants. Accordingly, Defendants' counsel urges the Court to dismiss the suit against all Defendants.

---

*Century Intern Ltd. v. Does 1-101*, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011) (same).

## II.   PLAINTIFF HAS NOT SHOWN MASS JOINDER OF DEFENDANTS IS PROPER.

Rule 20 of the Federal Rules of Civil Procedure allows for joinder of defendants when two conditions are met.  First, a plaintiff must demonstrate that its "right to relief is asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Second, "any question of law or fact *common to all defendants* [must] arise in the action." *Id.* (emphasis added).  Even if these requirements are satisfied, a "court may issue orders — including an order for separate trials — to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b).

Here, Plaintiff has not shown that joinder of 1,427 Doe Defendants is appropriate or otherwise complies with the Federal Rules of Civil Procedure.

### A.   Federal Courts Disapprove of Mass Joinder in Infringement Cases.

Plaintiff is not the first to improperly sue numerous unrelated defendants in a single copyright infringement lawsuit, based on the coincidence that they allegedly infringed works owned by the same copyright holder.  *See, e.g.*, *Tilley v. TJX Inc.*, 345 F.3d 34, 42-43 (1st Cir. 2003) (vacating defendant class certification order in copyright infringement case).  Federal courts have long recognized that mass copyright suits may deny individual justice to those caught up in a plaintiff's indiscriminate dragnet.  Many courts have severed these cases, effectively dismissing tens of thousands of Doe defendants nationwide.[7]  *See, e.g.*, *On the Cheap*, 2011 WL 4018258 at *1; *LFP Internet Group, LLC v. Does 1-3,120*, No. 3:10-cv-02095 (N.D. Tex. Feb. 10, 2011) (RJN, Ex. F); *IO Group, Inc. v. Does 1 - 435*, No. 10-4382, 2011 U.S. Dist. LEXIS 14123, at *2 (N.D. Cal. Feb. 3, 2011); *West Coast Productions v. Does 1-2010*, No. 3:10-cv-00093, at *2-4 (N.D.W. Va., Dec. 16, 2010) (RJN, Ex. A).

These orders, disapproving of joining large numbers of defendants in a single action under Rule 20, follow a pattern starting as early as 2004 in cases considering peer-to-peer downloading.  *See, e.g., LaFace Records, LLC v. Does 1-38*, No. 07-0298, 2008 WL 544992, at

---

[7]   Defendants include a non-exhaustive collection of such decisions as exhibits to its accompanying Request for Judicial Notice ("RJN") also filed January 30, 2012.

*2 (E.D.N.C. Feb. 27, 2008); *BMG Music v. Does 1-4*, No. 06-1579, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006); *UMG Recordings, Inc. v. Does 1-51*, No. 04-0704 (W.D. Tex. Nov. 17, 2004) (RJN, Ex. B); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. 04-4862 (N.D. Cal. Nov. 16, 2004) (RJN, Ex. C); *BMG Music v. Does 1-203*, No. 04-0650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).[8]  Recent district court cases have found the peer-to-peer context indistinguishable from the BitTorrent one raised in this case and have similarly severed large groups of defendants on the same grounds.  *See, e.g., Hard Drive Productions v. Does 1-188*, No. C-11-01566JCS, 2011 WL 3740473, at *7 (N.D. Cal. Aug. 23, 2011); *Diabolic Video Productions v. Does 1-2099*, No. 10-CV-5865-PSG, WL 3100404, at *4 (N.D. Cal. May 31, 2011).

## B.     **Plaintiff Has Not Established a Concert of Action Among Defendants.**

Persons "may be joined in one action as defendants if any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).  "The Fifth Circuit has not endorsed a single test to determine when claims arise from the 'same transaction or occurrence.'"  *Stinnette v. Medtronic, Inc.*, No. 09-3854, 2010 WL 767558, at *1 (S.D. Tex. Mar. 3, 2010); *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (the "same transaction" test is evaluated on a case-by-case basis).  Claims may arise out of the same transaction or occurrence if they are "logically connected" or "involve substantially the same evidence."  *Wright v. Sears Roebuck & Co.*, No. 09-1498, 2010 WL 330216, at *2 (W.D. La. Jan. 20, 2010) (comparing *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997)).  As another Texas district court confronting almost identical allegations recognized, "merely committing the same type of violation in the same way does not link defendants together for the purposes of joinder."  *LFP Internet Group*, No. 3:10-cv-02095 (RJN, Ex. F) (internal quotations and citations omitted);

---

[8] Defendants' counsel recognizes that such judicial analysis has not been universal.  *See, e.g., Incorp Services, Inc. v. Does 1-10*, No. C11-4660PSG, 2011 WL 5444789 (N.D. Cal. Nov. 9, 2011); *Motown Records v. Does 1-252*, No. 04-0439 (N.D. Ga. Aug. 16, 2004); *Virgin Records Am. v. Does 1-44*, No. 04-0438 (N.D. Ga. Mar. 3, 2004); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004)..

*accord Third Degree Films*, 2011 WL 5374569 at \*3; *Hard Drive Productions*, 2011 WL 3740473 at \*14 (same).

Plaintiff advances only one argument in support of this first prong of the test for permissive joinder.  It alleges that "Defendants all joined the same [BitTorrent] swarm," and that this alone establishes all 1,427 of them "worked in concert."  Compl. ¶¶ 4, 5.  But these allegations are refuted by Plaintiff's own evidence.  The Complaint alleges that Doe 1 infringed Plaintiff's copyright on May 21, 2011, and that Doe 2 infringed Plaintiff's copyright on May 17, 2011.  Compl., Ex. A.  Plaintiff offers no explanation for how two different infringers could have worked in concert when the alleged infringement occurred during entirely separate time frames.  *See Third Degree Films*, 2011 WL 53744569 at \*4 (finding downloading of same file within same "swarm" insufficient for joinder "particularly given that 3,577 Doe defendants downloaded the protected work at various dates and times ranging [across more than six months].");  *Raw Films, Inc. v. Does 1-32*, No. 1:11-CV- 2011 WL 6840590, at \*2 (N.D. Cal. Dec. 29, 2011) (same).  In fact, Plaintiff fails to connect any two putative Defendants, alleging only that they committed the same type of violation in the same way.  *See generally* Schoen Decl. at ¶¶ 25-42 (explaining BitTorrent protocols and addressing likelihood of relationship between particular Defendants based on use of BitTorrent).  As in the above-mentioned Texas case, "the copyright infringement claim against each Defendant is based on the individual acts of each Defendant," not on a common transaction or occurrence.  *LFP Internet Group,* No. 10-2095 at \*3-4 (RJN, Ex. F); *see also On The Cheap,* 2011 WL 4018258 at \*1.  In sum, Plaintiff simply has not satisfied the first prong of the standard for joinder under Rule 20.

### C.    Plaintiff Has Not Shown a Question of Law or Fact in Common to All Defendants.

Rule 20's second requirement is that a case will present a "question of law or fact common to all defendants . . . ."  Fed. R. Civ. P. 20(a)(2)(B).  The "mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact."  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  "Claims 'involving different legal issues, standards, and procedures' do not involve common factual or

legal questions." *Washington v. Sandoval*, No. 10-0250, 2011 U.S. Dist. LEXIS 43377, at *4 (N.D. Cal. Apr. 19, 2011) (quoting *Coughlin*, 130 F.3d at 1351).

Plaintiff's allegations do not meet Rule 20's standard.   According to Plaintiff, the "question of law or fact common to all Defendants is, of course, the infringement of Plaintiff's motion picture, which was committed by each and every Defendant . . . ." Compl. ¶ 5. This misstatement of Rule 20 ignores the wide range of factual circumstances and legal defenses likely to arise out of a pool of over one thousand defendants.   Importantly, "IP subscribers are not necessarily copyright infringers." *See Hard Drive Productions, Inc. v. Does 1-130*, No. C-11-01566JCS, 2011 WL 5573960, at *2 (N.D. Cal. Nov. 16, 2011); *VPR Internationale v. Does 1-1017*, No. 11-2068, at *2 (C.D. Ill. Apr. 29, 2011) (RJN, Ex. D).   As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works.   John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music*, 2004 WL 953888, at *1.   Thus, each Doe Defendant will have unique factual circumstances, and therefore may have unique legal defenses.   *See LFP Internet Group LLC*, No. 3:10-cv-02095, at *4 No. 3:10-cv-02095 (RJN, Ex. F) (finding joinder improper "because each Defendant will also likely have a different defense"); *see also Pacific Century Intern. Ltd. v. Does 1-101*, No. C-11-02533DMR, 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011); *Third Degree Films v. Does 1-3577*, No. C11-02768LB, 2011 WL 5374569, at *4 (N.D. Cal. Nov. 4, 2011).   This Court should reject Plaintiff's empty statement that this case presents common factual and legal issues.

### D.   Mass Joinder Will Unfairly Prejudice Defendants.

Even if a plaintiff meets the requirements for permissive joinder under Rule 20(a), courts have broad discretion to refuse joinder or sever the case in order "to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b); *see, e.g.*, *Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 521 (5th Cir. 2010) (citing *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995)); *see also Coleman v. Quaker Oats*, 232

F.3d 1271, 1296 (9th Cir. 2000) (explaining that permissive joinder must "comport with the principles of fundamental fairness").

The Court should exercise that discretion and sever the Doe Defendants.  Of course, joining thousands of unrelated defendants in one lawsuit will make litigation less expensive. Plaintiff may avoid the separate filing fees required for individual cases and enable its counsel to avoid travel.  But cost-efficiency does not justify ignoring well-established joinder principles.[9] Here, joinder raises serious questions of individual fairness and individual justice.  *See, e.g. Hard Drive Productions v. Does 1-188*, No. C-11-01566JCS, 2011 WL 3740473, at *14 (N.D. Cal. Aug. 23, 2011) ("[J]oinder would result in numerous hurdles that would prejudice defendants."). Furthermore, haling out-of-District defendants into court would be logistically infeasible.  *See, e.g.*, *id.*; *Pacific Century* 2011 WL 5117424 at *3 (stating that the "manageability difficulties" and "procedural inefficiencies" of joining defendants would be a "logistical nightmare").  The Court should sever the Defendants and drop Does 2-1,427 from the case.  *See* Fed. R. Civ. P. 21.

## III.   PLAINTIFF HAS NOT MET THE FIRST AMENDMENT TEST FOR UNMASKING ANONYMOUS SPEAKERS.

In addition to its failure to comply with jurisdictional and joinder rules, Plaintiff also fails to apprise the Court of the appropriate discovery standard regarding the unmasking of anonymous online actors.   Instead, Plaintiff cites a handful of cases with more permissive standards, long-since superseded in their respective jurisdictions.  Plaintiff has not yet complied with the correct standard imposed by the First Amendment and, consequently, cannot obtain the information which it seeks.

### A.   The Right to Engage in Anonymous Speech is Protected by the First Amendment.

"[The] decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment."  *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995).  This fundamental right enjoys the same protections whether the context for speech and association is

---

[9] Other courts considering joinder in mass copyright infringement cases have favored individual fairness over efficiency.  *See, e.g.*, *Hard Drive Productions*, 2011 WL 3740473 at *14; *UMG Recordings, Inc.*, No. 04-cv-00704 (RJN, Ex. B).

an anonymous political leaflet, an Internet message board or a video-sharing site.  *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to the Internet); *see also*, *e.g.*, *Doe v. 2themart.com, Inc.*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) (the Internet promotes the "free exchange of ideas" because people can easily engage in such exchanges anonymously).

First Amendment protection extends to the anonymous publication of expressive works on the Internet, even if the publication is alleged to infringe copyrights.  *See Sony,* 326 F. Supp. 2d at 564; *see also, e.g., Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652, 2006 WL 1343597, at \*2 (N.D. Cal. Mar. 6, 2006); *In re Verizon Internet Servs. Inc.*, 257 F. Supp. 2d 244, 260 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003).

Because the First Amendment protects anonymous speech and association, courts must "be vigilant . . . [and] guard against undue hindrances to . . . the exchange of ideas."  *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (1999).  Efforts to use the power of the courts to pierce anonymity are subject to a qualified privilege which a court must consider before authorizing discovery.  *See, e.g., Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977)).

Courts evaluating attempts to unmask anonymous speakers have adopted standards that balance one person's right to speak anonymously with a litigant's legitimate need to pursue a claim.  In reaching this balance, courts have relied on the foundational case of *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756 (N.J. App. 2001).[10]  Under *Dendrite*, a plaintiff must:

1)  make reasonable efforts to notify the accused Internet user of the pendency of the identification proceeding and explain how to present a defense;

---

[10] The vast majority of state and federal courts addressing the issue of the proper procedure by which litigants may seek to unmask anonymous Internet speakers have adopted some variant of the *Dendrite* standard.  *See, e.g.,; Best Western Int'l v. Doe*, 2006 WL 2091695 (D. Ariz. July 25, 2006); *Highfields Capital Mgmt. v. Doe*, 385 F. Supp.2d 969, 976 (N.D. Cal. 2005); *Mortgage Specialists v. Implode-Explode Heavy Industries*, 999 A.2d 184 (N.H. 2010); *Independent Newspapers v. Brodie*, 966 A.2d 432, 457 (Md. 2009).

2) set forth the exact actions of each Doe defendant that constitute actionable cause;

3) allege all elements of the cause of action and introduce prima facie evidence for each Doe defendant sufficient to survive a motion for summary judgment; and

4) "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed."

*Dendrite*, 775 A.2d at 760-61. The *Dendrite* test accurately and cogently protects the First Amendment interests of the Defendants and should be applied here.

**B.     Plaintiff's Proposed Discovery Cannot Survive First Amendment Scrutiny.**

Plaintiff fails the *Dendrite* test demanded of litigants seeking the disclosure of identities of anonymous speakers. Consequently, Plaintiff's request for early discovery should be denied.

**1.     Plaintiff Has Not Made the Requisite *Prima Facie* Case.**

In order to unmask anonymous defendants, a plaintiff must present *specific* evidence for *each* defendant. At minimum, a plaintiff must present "competent evidence" regarding the investigative process that forms the basis for its allegations. *Highfields Capital Management*, 385 F. Supp. 2d at 975. Because this information should obviously be available to the plaintiff, providing it as part of its *prima facie* showing would not be unduly burdensome. *See Dendrite*, 775 A.2d at 772; *Highfields Capital Management, L.P.*, 385 F. Supp. 2d at 974.

In this case, Plaintiff has not provided sufficient *prima facie* evidence that any Doe Defendant infringed Plaintiff's copyright. Plaintiff merely submitted a list of IP addresses and dates, and claimed that the "IP addresses . . . were witnessed as being involved in the infringing activity." Compl. ¶ 7. Plaintiff offers no further evidence to support this conclusory assertion. It proffers no details about its investigation or what exactly it "witnessed." Without such evidence, Plaintiff is in essence asking the Court simply to accept Plaintiff's word that its belief is based in an investigation conducted in a way that confirms actual copyright infringement. *See* generally Schoen Decl. at ¶ 24 (describing flaws in standard methods for locating alleged copyright infringers). Given the harm that can come from a false or erroneous accusation, this Court should require more.

14

2.    **Defendants' First Amendment Interests Far Outweigh Plaintiff's "Need" for Their Identities.**

As part of its First Amendment analysis, a court must "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed." *Dendrite*, 775 A.2d at 760-61. Given the myriad procedural problems outlined above, the lack of transparency about the means by which the Plaintiff generated its list of "infringers," and the strength of the defendant's First Amendment right, the Court should prevent Plaintiff from taking further shortcuts.[11]

## CONCLUSION

Plaintiff has the right to seek legal redress for alleged copyright infringement, but it must follow the due process requirements applicable to all civil litigation. Accordingly, as Plaintiff cannot meet the relevant substantive and procedural requirements to permit it to proceed with discover, Defendants respectfully ask the Court to deny Plaintiff's motion. Moreover, as the underlying case is deficient due to misjoinder and lack of personal jurisdiction, Defendants additionally ask that the Court dismiss the action and require Plaintiff to re-file individual cases against individual Defendants in courts that can properly exercise jurisdiction.

Dated:  January 31, 2012                    Respectfully submitted,

                                              /s/ Matthew Zimmerman
                                          MATTHEW ZIMMERMAN
                                          ELECTRONIC FRONTIER FOUNDATION
                                          454 Shotwell Street
                                          San Francisco, CA  94110
                                          Telephone: (415) 436-9333
                                          Facsimile: (415) 436-9993
                                          Email: mattz@eff.org

---

[11] In addition to the substantive requirements identified above, the First Amendment also requires that the anonymous defendants be given adequate notice of the pending action and discovery. *Dendrite*, 775 A.2d at 760-61. Accordingly, if the Court permits discovery, it should require that any subpoena to ISPs seeking the identity of anonymous Internet users must be accompanied by a cover notice ordering the ISP (a) to notify, within seven days of service of the subpoena, any person whose information has been sought that such information may be disclosed, and briefly describe their rights and options; and (b) to provide sufficient opportunity for the subscriber to exercise those rights, such as by moving to quash.

ERIC H. FINDLAY
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy., Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 31st day of January 2012.

 /s/ Matthew Zimmerman
Matthew Zimmerman