IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIV. NO.: 2:11-CV-269 |
| | § | |
| DOES 1 - 1,427, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Before the Court is Plaintiff's Motion for Leave to Take Expedited Discovery. Dkt. No. 2. Also before the Court is Defendants' Response in Opposition. Dkt. No. 21.

In its Original Complaint, Plaintiff alleges that Defendants have infringed Plaintiff's copyright. Original Complaint, Dkt. No. 1 at para. 3. Specifically, Plaintiff alleges that Defendants worked in concert, via the internet and using computers equipped with BitTorrent software, to reproduce and distribute an unlawful digital copy of Plaintiff's copyrighted motion picture, *The Legend Is Born: IP Man*. *Id*. at paras. 4 and 9. The identities of the Defendants are unknown to the Plaintiff but Plaintiff does know the Internet Protocol ("IP") addresses of the internet accounts by which Defendants conducted their acts of infringement. *Id*. at para. 7.

Plaintiff filed the instant motion to obtain the Court's permission to serve Rule 45 subpoenas on service providers to obtain the true name, address, telephone number, e-mail address, and Media Access Control addresses corresponding to the IP addresses. Dkt. No. 2 at 4. Plaintiff states that it will only use this information to prosecute the claims made in its Original Complaint. Plaintiff submits that this discovery is being sought solely for the purpose of determining te identities of the subscribers whose accounts were used in the allegedly infringing

activities. Plaintiff argues that without this identifying information, it has no means to pursue its infringement claims or seek redress for the unlawful acts at issue. *Id*.

On December 1, 2011, the Court held a Status Conference in the above-captioned case. Dkt. No. 12. At the Status Conference, the Court asked counsel for the Electronic Frontier Foundation ("EFF") if they would be willing to serve as *ad litems* for Defendants. *Id*. On December 7, 2011, counsel for EFF notified the Court that they would be willing to serve as *ad litems* for Defendants for the limited purpose of responding to the instant motion. Dkt. No. 13. On January 20, 2012, the Court appointed Matthew Zimmerman, Michael Findlay, and Eric Findlay, EFF's counsels, as *ad litems* for Defendants for the limited purpose of responding to Plaintiff's Motion for Expedited Discovery. Dkt. No. 18. The *ad litems* filed their response in opposition on behalf of Defendants on January 30, 2012, and a corrected response on January 31, 2012. Dkt. Nos. 20 and 21.

Defendants respond that the above-captioned case does not appear to be filed with the intention of actually litigating Plaintiff's claims against Defendants. Dkt. No. 21 at 1. Defendants also argue that Plaintiff has not established that this Court has personal jurisdiction over the vast majority of the defendants. *Id*. at 3. Defendants contend that Plaintiff has failed to make a *prima facie* showing to support domicile as a basis for jurisdiction or shown that the Court has personal jurisdiction over the defendants based on minimum contacts with Texas. *Id*. at 4 and 5. Defendants further argue that Plaintiff has not shown mass joinder of Defendants is proper. *Id*. at 8. Specifically, Defendants argue that Plaintiff has not established a concert of action among Defendants and Plaintiff also has not shown a common question of law or fact

among all Defendants.  Defendants argue that Plaintiff has not met the First Amendment test for unmasking anonymous speakers.  Defendants submit that their First Amendment interests far outweigh Plaintiff's need for their identities.  *Id*. at 15.

The Supreme Court has recognized that the First Amendment protects anonymous speech and that this protection extends to the Internet.  *Reno v.* ACLU, 521 U.S. 844, 870 (1997); and *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 200 (1999).  However, anonymous speech does not protect copyright infringement, and the Supreme Court has rejected First Amendment challenges to copyright infringement actions.  *Harper & Row Publishers, Inc. V. Nation Enters.*, 471 U.S. 539 (1985).  Parties may not use the First Amendment to encroach upon the intellectual property rights of others.  *Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556, 563 (S.D.N.Y. 2004)(citations omitted).

Cases evaluating subpoenas seeking identifying information from ISPs regarding subscribers who are parties to litigation have considered several factors to weigh the need for disclosure against First Amendment interests.  These factors include: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. *Sony Music Entm't Inc.*, at 565.

Plaintiff's Original Complaint alleges that Plaintiff is the owner of the copyright being infringed, and the Defendants reproduced and/or distributed the copyrighted work without Plaintiff's authorization using internet subscriber accounts identified by IP addresses. Plaintiff

has submitted supporting evidence listing Defendants' IP addresses and the dates on which the allegedly infringing activity was observed and occurred.  Accordingly, Plaintiff has asserted a prima facie claim for direct copyright infringement.

Plaintiff seeks to obtain limited discovery from ISPs to obtain identifying information of individuals whose accounts were witnesses as being involved in the acts of copyright infringement described in Plaintiff's Original Complaint.  Plaintiff's discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court.  The identifying information would enable Plaintiff to serve process on Defendants.

Plaintiff has also established that it lacks other means to obtain the subpoenaed information by specifying in their motion for expedited discovery the steps they have taken to locate the Doe Defendants. These steps include tracing the IP address for each Defendant to specific ISPs.  Plaintiff has also demonstrated that the subpoenaed information is centrally needed for it to advance its copyright infringement claims.  Ascertaining the identities and residences of the Defendants is critical to Plaintiff's ability to pursue litigation, for without this information, Plaintiff will be unable to serve process.

Finally, the Court finds that Defendants have a minimal expectation of privacy in this particular instance.  As set forth in Plaintiff's Original Complaint, Defendants' allegedly infringing activities occurred using computers equipped with BitTorrent software.  Each Defendant allegedly sought out a "swarm" named for Plaintiff's motion picture.  Once a

Defendant found the swarm, Defendant downloaded a ".torrent" file that contains an unique key that identifies the swarm.  With information contained in the .torrent file, each Defendant connects to the swarm that was sharing Plaintiff's motion picture and each began to simultaneously download Plaintiff's movie, piece by piece, from other members of the swarm.  Every piece of the movie that a Defendant downloaded would be immediately available to new members of the swarm for download.  In other words, by downloading Plaintiff's movie using BitTorrent, a Defendant would allow others to access his computer to download Plaintiff's movie.  Accordingly, Defendants have little to no expectation of privacy because they have essentially opened their computer to the world. *In re Verizon Internet Serv., Inc.*, 257 F.Supp.2d 244, 267 (D.D.C. 2003).

      In summary, all of the factors discussed above support disclosure of Defendants' identities.  Defendants' First Amendment right to remain anonymous must give way to Plaintiff's right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.

      Defendants argue that Plaintiff has not demonstrated that this Court has jurisdiction over the vast majority of the defendants.  However, without the identifying information sought by Plaintiff, it is difficult to properly assess the existence of this Court's jurisdiction over Defendants.  The Court therefore rejects this argument as premature.

      Defendants also argue that Plaintiff has not shown that mass joinder is proper in this case.  However, discussion of joinder is not germane to the discovery motion presently before the Court and the Court declines to address issues of joinder at this time.

In light of the Court's discussion above, Plaintiff's Motion for Leave to Take Expedited Discovery (Dkt. No. 2) is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of March, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE