**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| FUNIMATION ENTERTAINMENT, ) | Case No. 2:11-cv-00269-JRG |
| Plaintiff, ) | Judge: Hon. Rodney Gilstrap |
| v. ) |  |
| DOES 1 – 1,427, ) |  |
| Defendants. ) |  |

**EMERGENCY MOTION FOR STAY OF DISCOVERY PENDING RECONSIDRATION OR APPEAL**

Defendants, through the undersigned attorneys *ad litem*, respectfully move on an emergency basis for a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), pending reconsideration of Judge Folsom's March 16, 2012 order or the resolution of an appeal from that order. A stay is needed to protect Defendants' due process rights, and to prevent Defendants' challenge to Plaintiff Funimation Entertainment's early discovery from Internet service providers (ISPs) from being mooted as Funimation issues subpoenas and ISPs disclose Defendants' identities to Funimation. Plaintiff has notified Defendants' counsel that it is proceeding with discovery immediately absent a stay. Defendants further request that Plaintiff be ordered to notify any ISP on which it has already served a subpoena that compliance with the subpoena is suspended for the duration of the stay. This motion is filed concurrently with Defendants' Motion for Reconsideration or Certification of Appeal.

Prior to filing this Motion, on March 20, 2012, *ad litem* counsel had a telephone conversation with Funimation's counsel in which the parties discussed their positions with regard to a stay. On that call, Funimation's counsel stated that Funimation would under no circumstances agree to a stay and intends to proceed with discovery immediately. After a thorough discussion, the parties agreed that an impasse had been reached and that Court intervention is necessary.

## ARGUMENT

The issue arising from Funimation's request for early discovery, as explained in Defendants' Opposition to that request, ECF No. 4, is that Funimation has not satisfied the requirements of personal jurisdiction, joinder, and the First Amendment test for the unmasking of anonymous speakers – and that Funimation's pleadings and motion show that it will not be able to satisfy those procedural and substantive safeguards even with the benefit of discovery from the ISPs. Should the Court determine that Funimation's motion for discovery is fundamentally flawed with respect to personal jurisdiction, joinder, or compliance with the First Amendment, once Defendants' identities are disclosed to Funimation, their right to speak anonymously is irrevocably lost.

A stay of discovery pending resolution of an intervening legal question, whether by the Court or on appeal, is appropriate under two circumstances. Both apply here. First, discovery should be stayed when a pending issue of law will render that discovery irrelevant. *Sinclair Ref. Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 694 (1933) (the law "condemns a useless remedy"); *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.") (citing 8A Wright, Miller & Marcus., *Fed. Prac. & Proc. Civ.* § 2040 (3d ed.)); *Capital Eng'g & Mfg. Co., Inc. v. Weinberger*, Civ. 87-1623, 1988 WL 13272 (D.D.C. Feb. 5, 1988) ("[C]ourts have not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive, motions."). In this case, the Court lacks jurisdiction over the vast majority of defendants, and Funimation cannot proceed against those defendants regardless of whether it obtains their names and addresses from the Internet Service Providers. A stay of discovery thus promotes judicial efficiency in this case.

Second, a stay of discovery should be granted where the pending legal issue concerns defendants' right to be free from court proceedings altogether. *See O'Brien v. Avco Corp.*, 309 F. Supp. 703, 705 (S.D.N.Y. 1969) (stay of discovery pending 1292(b) appeal appropriate when the issue on appeal is jurisdiction); *Cf. Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006) (stay of discovery is required where qualified immunity, a right to be free from trial proceedings, is at issue). The question on which Defendants seek reconsideration or appeal is whether Plaintiff has made the showing required to conduct discovery prior to a Rule 26(f) conference. As Defendants have explained, *see* ECF No. 4, Funimation has not made the minimum showing required to subject Defendants' personal information to discovery at all; without the required showing, Defendants have a right not to have their identities revealed in this forum. This is equivalent to the situation in *O'Brien* in that the lack of any basis for jurisdiction means that Defendants' information should not be subject to discovery at all, and allowing such discovery pending reconsideration or appeal is tantamount to pre-deciding the legal issue.

## CONCLUSION

For the foregoing reasons, Defendants request a stay of discovery until Defendants' Motion for Reconsideration or Certification of Appeal, and any resulting appeal, are resolved, an order barring Funimation from serving any subpoena in this case during the stay, and that Funimation be required to notify any ISP on which it has already served a subpoena.

Dated: March 22, 2012                    Respectfully submitted,

                                             /s/ Matthew Zimmerman
MATTHEW ZIMMERMAN
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: mattz@eff.org

ERIC H. FINDLAY
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy., Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys ad litem for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 22nd day of March 2012.

      /s/ Matthew Zimmerman
Matthew Zimmerman

**CERTIFICATE OF CONFERENCE**

      Defendants, through their attorneys *ad litem*, Matthew Zimmerman and Mitchell Stoltz, have complied with the meet and confer requirement in Local Rule CV-7(h) by conducting a telephonic conference with Plaintiff's attorney, Mr. Evan Stone, on March 20, 2012. Counsel was unable to come to an agreement regarding the foregoing Emergency Motion for Stay Pending Reconsideration on Appeal. Discussions have conclusively ended in an impasse. Accordingly, the Motion will require the court's resolution.

Dated: March 22, 2012

                                                /s/ Matthew Zimmerman
                                          MATTHEW ZIMMERMAN