## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT, | ) ) | Case No. 2:11-cv-00269-JRG |
| Plaintiff, | ) ) ) | Judge: Hon. Rodney Gilstrap |
| v. | ) ) | |
| DOES 1 – 1,427, | ) ) | |
| Defendants. | ) ) ) | |

**MOTION TO RECONSIDER GRANT OF LEAVE FOR EXPEDITED DISCOVERY (DKT. # 23) OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

The 1,427 John Doe Defendants, through the undersigned attorneys *ad litem*, move for reconsideration of Judge Folsom's March 16, 2012 Order granting leave for Plaintiff Funimation Entertainment to take expedited discovery from Internet service providers. Judge Folsom's ruling that discovery can proceed on Plaintiff's *ipse dixit* assertion of personal jurisdiction, without pleading or otherwise supplying *any* facts supporting this Court's jurisdiction over Defendants, is contrary to Fifth Circuit precedent and a manifest error of law. It would set a troubling precedent that one may be sued anywhere in the country without a plausible basis for jurisdiction, and be forced to appear in a distant court – the very thing jurisdiction and venue rules are intended to prevent – in order to have the litigation moved to the proper court.

In the alternative, Defendants request that the Court certify an interlocutory appeal under 28 U.S.C. § 1292(b) on all issues raised in Defendants' opposition to Plaintiff's motion for expedited discovery. Personal jurisdiction, joinder, and the application of the First Amendment to Plaintiff's requested discovery are all controlling issues of law with material effect on the outcome of this case and many like it in this Court and others. Appellate consideration will help to resolve divergent approaches to these questions in mass Doe copyright suits like this one.

## BACKGROUND

This lawsuit is one of hundreds of similar suits currently pending in courts around the country, including several filed by Funimation's counsel, in which copyright owners or assignees sue hundreds or thousands of John Doe defendants purportedly identified by Internet Protocol (IP) addresses alleged to be associated with copyright infringement. The plaintiffs then issue subpoenas to Internet service providers (ISPs) for the identities of the Internet account holders associated with the IP addresses. These suits are not filed with the intention of litigating them (as Plaintiff's counsel has admitted in a similar case). *See* Pl.'s Resp. to Opp'n for Pl.'s Mot. for Leave to Take Disc. at 2, *Mick Haig Prods., e.K., v. Does 1-670*, No. 3:10-CV-1900-N (N.D. Tex. Sept. 9, 2011) ("Attorneys for the Defense state that Plaintiff is filing these lawsuits without the intention of litigating them. On this point, the attorneys are absolutely correct."). Rather, invoking the specter of high statutory damages, plaintiffs seek to obtain settlements of a few

thousand dollars, less than the cost of retaining counsel to defend a suit in a far-flung jurisdiction. Those with meritorious defenses are frequently pressured into settlement using these tactics.[1] As *ad litem* counsel explained in their opposition to Funimation's motion for expedited discovery (ECF No. 4), this suit and those like it ignore personal jurisdiction, venue, and joinder rules in order to use the Court's subpoena power to identify hundreds of defendants located all across the country in a single suit.

This case, as with all cases of this type, began with Plaintiff's motion for expedited discovery, namely subpoenas to ISPs for the identity of the Doe Defendants. ECF No. 2. The undersigned opposed the motion, initially as *amicus curiae*, and later, at the Court's request, as *ad litem* counsel for all Defendants for the limited purpose of responding to the motion for expedited discovery. ECF Nos. 4, 18. Defendants argued that personal jurisdiction is lacking as to most of the Defendants, that joinder of 1,427 Defendants in this suit is improper, and that the First Amendment requires a balancing test before the identities of anonymous speakers on the Internet can be revealed in discovery. On Friday, March 16, 2012, Judge Folsom issued an order granting leave to issue the subpoenas. ECF No. 23. It is from that order that Defendants now seek reconsideration or certification of appeal.

*Ad litem* counsel conferred by telephone with Funimation's counsel on March 20, 2012 in an attempt to resolve these issues without the Court's involvement. The parties sought potential alternatives. *Inter alia,* Defendants' counsel proposed that Funimation re-file its action against non-residents of this District in districts where those Defendants would be subject to personal jurisdiction. Funimation refused this compromise and stated its intention to begin serving subpoenas within days. Despite a good faith effort, the parties were unable to resolve these issues in discussion, making this motion (and the accompanying motion to stay) necessary.

---

[1] In the immediate case, meritorious defenses are certain: as of January 27, 2012, a search on the Copyright Office's online registration search returned no registration record for the Plaintiff's movie at issue in this case, "The Legend Is Born: IP Man." *See* Declaration of Matthew Zimmerman filed January 30, 2012 ("Zimmerman Decl.") ¶ 3. If the film was not registered before the alleged acts of infringement, then statutory damages and attorney's fees are not available against the Defendants. *See* 17 U.S.C. §§ 412; 410(d).

**ARGUMENT**

I. **RECONSIDERATION IS APPROPRIATE BECAUSE THE COURT'S ORDER CONTAINS A MANIFEST ERROR OF LAW AS TO THE REQUIREMENTS FOR JURISDICTIONAL DISCOVERY.**

A motion for reconsideration "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation omitted). Reconsideration is appropriate in this case because the Court's Order of March 16, 2012 is contrary to controlling Fifth Circuit precedent on a material issue, namely, the burden that the plaintiff must meet with respect to personal jurisdiction in order to proceed with expedited discovery.

In opposing Funimation's motion for early discovery, Defendants, through *ad litem* counsel, showed that Funimation has not made a *prima facie* showing of personal jurisdiction based either on domicile in this District or minimum contacts with the State of Texas, *and* that discovery from the ISPs is extremely unlikely to establish jurisdiction as to most of the Defendants. ECF No. 4, at 9-13. Judge Folsom's Order did not address this issue at all, but held that any consideration of personal jurisdiction was premature, stating that "without the identifying information sought by plaintiff, it is difficult to properly assess the existence of this Court's jurisdiction over Defendants." ECF No. 23, at 5. The Order did not cite any authority for this conclusion.

A party seeking early discovery must do more than request it. To conduct early discovery for jurisdictional facts, a plaintiff must allege facts plausibly suggesting that discovery will establish a *prima facie* case for personal jurisdiction over the defendants. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (upholding denial of leave for early discovery where "appellants have not made even a preliminary showing of jurisdiction"); *see also Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009) ("[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." (citing *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (denying leave for jurisdictional discovery which "would not have strengthened

3

Appellants' ability to demonstrate [defendants'] direct contacts with Texas"); *Granville Gold Trust-Switzerland v. Commissione Del Fallimento/Interchange Bank*, 928 F. Supp. 241 (S.D.N.Y. 1996), *aff'd,* 111 F.3d 123 (2d Cir. 1997).

Early discovery, like any Court-ordered relief, requires a plaintiff to plead facts suggesting it is entitled to that relief:

> The scope of permissible discovery is limited by the requirement of relevance, although relevance is broadly defined in the context of discovery. It is not error to deny discovery when there is no issue of material fact. *Poirier v. Carson*, 5 Cir. 1976, 537 F.2d 823. Similarly, the court may decide the merits of a case before discovery is completed, if the material to be discovered would not "have contained evidence ... or led to the discovery of evidence raising material questions of fact". *Citizens for a Better St. Clair County v. James*, 5 Cir. 1981, 648 F.2d 246, 252. Discovery on matters of personal jurisdiction, therefore, need not be permitted unless the motion to dismiss raises issues of fact. See *H. L. Moore Drug Exchange, Inc. v. Smith, Kline & French Laboratories*, 2 Cir. 1967, 384 F.2d 97 (per curiam). **When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.** See 4 Moore's Federal Practice P 26.69 at 26-504; *Note, Discovery of Jurisdictional Facts,* 59 Va.L.Rev. 533, 546 (1973). Accordingly, **this Court affirms denials of discovery on questions of personal jurisdiction in cases where the discovery sought "could not have added any significant facts".** *Washington v. Norton Manufacturing, Inc.*, 5 Cir. 1979, 588 F.2d 441, 447, cert. denied, 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313. This is such a case.

*Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (emphasis added). *See also*, *e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

In this case, as explained in the Opposition to Plaintiff's Motion for Expedited Discovery, the only facts set out by Funimation indicate that over 90% of the Defendants are located outside the Court's jurisdiction. Decl. of Seth Schoen, ECF No. 4, Attachment # 3. Indeed, Funimation has not pled any facts supporting the contention that Defendants are domiciled in Texas or performed acts that would establish minimum contacts with Texas as a basis for jurisdiction. ECF No. 4, at 9-13. Rather, Funimation simply alleged that:

> [t]his Court has personal jurisdiction over Defendants because Defendants are residents of this State, including this District, and/or because Defendants' concerted acts of copyright infringement occurred in this State, including this District and finally, because Defendants targeted their tortious conduct at this District, which ultimately harms the market for Plaintiff's content in this District.

Complaint, ECF No. 1 ¶ 3. With no specific factual allegations concerning Defendants' domicile or minimum contacts with Texas,[2] Funimation has not made the *prima facie* showing required for jurisdictional discovery. Thus "the lack of personal jurisdiction is clear" and discovery should not have been permitted. Judge Folsom's grant of leave for early discovery, based only on Funimation's conclusory assertion of jurisdiction quoted above, was a manifest error of law.

This error, if allowed to stand, has troubling consequences for defendants in this and similar suits. Allowing jurisdictional discovery without any basis impinges on "the very right the jurisdictional basis requirements are designed to protect: the right not to have to litigate that case in that forum." Robert C. Casad & William B. Richman, *Jurisdiction in Civil Actions* 13 (1998). If a mere recital of the elements of personal jurisdiction were sufficient for expedited discovery as to Doe Defendants scattered across the country, then *anyone* may be sued *anywhere* in the country and forced to appear in a distant court – or simply intimidated into settling through the threat of being made to do so – simply to challenge jurisdiction. This should not happen where it is clear from the outset that jurisdiction is lacking.

## II. ABSENT RECONSIDERATION, THE COURT SHOULD CERTIFY AN IMMEDIATE APPEAL.

If the Court denies reconsideration, Defendants request that the Court certify all issues raised in Plaintiff's motion for discovery and Defendants' opposition for interlocutory appeal

---

[2] Regarding minimum contacts, while Plaintiff generally alleges that the Doe Defendants infringed its copyright by means of using the file sharing protocol BitTorrent, it makes no allegations (nor could it) that the unknown Defendants purposely directed Internet-related activities towards the jurisdiction "in order to reasonably anticipate being haled into court in that forum." Under controlling Fifth Circuit precedent, bare "knowledge of a particular forum to which [Internet-related] conduct is directed" (of which there is no allegation in this case) is insufficient to satisfy the minimum contacts requirement of the Due Process Clause. *See Revell v. Lidov*, 317 F.3d 467, 475-76 (5th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Rather, "The defendant must be chargeable with knowledge of the forum at which his conduct is directed in order to reasonably anticipate being haled into court in that forum." *Id.*

pursuant to 28 U.S.C. § 1292(b). That statute permits a trial judge to certify an immediate appeal from any order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

An order denying the motion to quash involves a controlling issue of law because its resolution on appeal could "materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1026 (9th Cir. 1982). If the appeals court determines that joinder of all 1,427 Defendants was improper, many of the putative Defendants would be severed. If the appeals court finds that personal jurisdiction is lacking, the Defendants will be dismissed. Both scenarios materially affect the outcome of this case. Moreover, as hundreds of cases similar to this one have shown, mass-Doe lawsuits rise or fall on plaintiffs' requests for discovery from ISPs. Given the propensity for settlements in these cases and Plaintiff's counsel's stated intent *not* to litigate, granting or denying permission for early discovery is likely to be the Court's last opportunity to protect Defendants' due process rights. For this reason as well, Funimation's motion for discovery involves controlling issues of law.

There are substantial grounds for difference of opinion because, while courts have generally adopted the conclusions of Defendants' Opposition in this action when squarely presented with the issues, some courts grant motions for early discovery of the sort at issue here when the motions go unopposed and the jurisdiction and joinder problems are not brought to the Court's attention. Compare *Hard Drive Prods., Inc. v. Does 1-55*, 1:11-cv-02798, Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (N.D. Ill. May 4, 2011) (available at https://www.eff.org/discovery-order-hard-drive-v-does-nd-illinois) with *Nu Image, Inc. v. Does 1-23,322,* 799 F. Supp. 2d 34 (D.D.C. 2011); *CP Productions, Inc. v. Does 1-300*, 2011 WL 737761 (N.D. Ill. 2011); *On The Cheap, LLC v. Does 1-5011*, 2011 WL 4018258 (N.D. Cal. 2011); *Hard Drive Productions, Inc. v. Does 1-188,* 809 F. Supp. 2d 1150 (N.D. Cal. 2011). Clear guidance at the appellate level would assist the district courts that have been continually confronted with these cases.

Finally, an immediate appeal may materially advance the ultimate termination of the litigation.  First, as noted above, a successful appeal will terminate the litigation with respect to mis-joined Defendants and those Defendants over whom there is no jurisdiction.  Indeed, it is well recognized that an order denying a motion to dismiss a defendant for lack of personal jurisdiction can be certified for appeal.  *See, e.g., Tuazon v. RJ Reynolds Tobacco Co.*, 433 F. 3d 1163, 1168 (9th Cir. 2006).  The rule should be no different when a plaintiff attempts to pursue discovery based on a claim without jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants request reconsideration of Judge Folsom's Order granting leave for expedited discovery, or in the alternative, certification of an appeal on all issues raised in Funimation's motion and Defendants' opposition.

Dated:  March 22, 2012                                   Respectfully submitted,

                                        /s/ Matthew Zimmerman
                                        MATTHEW ZIMMERMAN
                                        ELECTRONIC FRONTIER FOUNDATION
                                        454 Shotwell Street
                                        San Francisco, CA 94110
                                        Telephone: (415) 436-9333
                                        Facsimile: (415) 436-9993
                                        Email: mattz@eff.org

                                        ERIC H. FINDLAY
                                        FINDLAY CRAFT, LLP
                                        6760 Old Jacksonville Hwy., Suite 101
                                        Tyler, TX 75703
                                        Telephone: (903) 534-1100
                                        Facsimile: (903) 534-1137
                                        Email: efindlay@findlaycraft.com

                                        *Attorneys ad litem for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 22nd day of March 2012.

    /s/ Matthew Zimmerman
Matthew Zimmerman

**CERTIFICATE OF CONFERENCE**

Defendants, through their attorneys *ad litem*, Matthew Zimmerman and Mitchell Stoltz, have complied with the meet and confer requirement in Local Rule CV-7(h) by conducting a telephonic conference with Plaintiff's attorney, Mr. Evan Stone, on March 20, 2012.  Counsel was unable to come to an agreement regarding the foregoing Motion to Reconsider Grant of Leave for Expedited Discovery (Dkt. # 23) or, in the Alternative, for Certification of Interlocutory Appeal.  Discussions have conclusively ended in an impasse.  Accordingly, the Motion will require the court's resolution.

Dated:  March 22, 2012

                                                        /s/ Matthew Zimmerman
                                                 MATTHEW ZIMMERMAN