IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT,  Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:11-cv-269-JRG |
| DOES 1 – 1,427,  Defendants. | § § § | |

## ORDER

Before the Court is Defendants' Emergency Motion for Stay of Discovery Pending Reconsideration or Appeal (Dkt. No. 25) ("Motion for Stay") and Defendants' Motion to Reconsider Grant of Leave for Expedited Discovery or, in the Alternative, for Certification of Interlocutory Appeal (Dkt. No. 26) ("Motion to Reconsider"). The Court, having considered the parties' briefing, hereby DENIES the Motion to Reconsider and DENIES the Motion for Stay as moot.

I.   **Background**

In its Original Complaint, Plaintiff alleges that Defendants have infringed Plaintiff's copyright. Specifically, Plaintiff alleges that Defendants work in concern, via the internet and using computers equipped with BitTorrent software, to reproduce and distribute an unlawful digital copy of Plaintiff's copyrighted motion picture, *The Legend Is Born: IP Man*. The identities of the Defendants are unknown to the Plaintiff but Plaintiff does know the Internet Protocol ("IP") addresses of the internet accounts by which Defendants conducted their alleged acts of infringement.

On June 23, 2011, Plaintiff filed a Motion for Leave to Take Expedited Discovery (Dkt. No. 2), which was granted by the Honorable David Folsom on March 16, 2012 (Dkt. No. 23.)

On March 21, 2012, Defendants filed the instant Motion for Stay and Motion to Reconsider that are now before the Court. In their Motion for Stay, Defendants urge this Court to stay all discovery

pending reconsideration of Judge Folsom's March 16, 2012 Order. Because this Court denies Defendants' Motion to Reconsider, the Motion to Stay is moot and will not be addressed.

## II. Legal Standard

The grounds for granting a Rule 59(e) motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). "Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Elecs. Indus. Co. Ltd.,* 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Moreover, a motion for reconsideration "should not be used to raise arguments that could, and should, have been made before the entry of judgment … [or] to re-urge matters that have already been advanced by a party." *Lupo v. Wyeth-Ayerst Labs.*, F. Supp. 2d 642, 645 (E.D. Tex. 1997) (citing *In re Liljenerg Enter.*, No. CV-A-97-0456, 1997 WL 222497, at *2, *3 (E.D. La. May 1, 1997).

## III. Analysis

Defendants primarily urge this Court to reconsider Judge Folsom's Order based on an alleged manifest error of law related to his holding that any consideration of personal jurisdiction is premature. Defendants cite case law indicating that "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." Further, the case reads that "[t]his Court affirms denials of discovery on questions of personal jurisdiction in cases where the discovery sought 'could not have added any significant facts'." *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982). This Court finds that the case law cited by Defendants, in fact, supports Judge Folsom's conclusion that any consideration of personal jurisdiction is premature. Issues of personal jurisdiction are not clear in this case and thus, discovery is needed to shed light on the jurisdictional issues. Further, the limited discovery sought by Plaintiff will add significant facts to the record that will help the Court determine whether jurisdiction is

proper. Accordingly, this court finds no manifest error of law and no reasonable basis to reconsider the prior decision of Judge Folsom, allowing for discovery in this case.

## IV.     Conclusion

For the reasons stated above, this Court DENIES Defendants' Motion for Reconsideration. Having done so, Defendants' Motion for Stay is DENIED as moot.

**So ORDERED and SIGNED this 23rd day of March, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE