**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| FUNIMATION ENTERTAINMENT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:11-CV-269-JRG |
| | § | |
| DOES 1-1,427., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER TO SHOW CAUSE

This Order is issued sua sponte. On May 27, 2011, Plaintiff Funimation Entertainment filed a Complaint (Dkt. No. 1) in this Court against 1,427 John Doe defendants for infringement of Plaintiff's copyright in the film *The Legend is Born: Ip Man*. This Order directs Plaintiff to appear before this Court on Tuesday, October 29, 2013 at 1:30 PM, to show cause why this case should not be dismissed on any of three distinct grounds. Plaintiff shall file written briefing on the issues presented below no later than Monday, September 30, 2013. Defendants may choose to appear at this hearing, but need not; any motions or written materials in response to Plaintiff and to be considered by the court at the hearing must be filed no later than Monday, October 14, 2013.

### A.  FAILURE TO PROSECUTE

Plaintiff filed its Complaint (Dkt. No. 1) against 1,427 John Doe defendants in this case on May 27, 2011. On August 17, 2012, Plaintiff issued Summonses to  fourteen named defendants. To date, only one named defendant has responded to Plaintiff's Summons. No

1

substantive action has been taken in the case since December 18, 2012. Pursuant to Local Rule CV-41, Plaintiff Funimation Entertainment is hereby ordered to **SHOW CAUSE** why this case should not be dismissed for failure to prosecute, and reasonable attorneys' fees awarded to defendants under 17 U.S.C. § 505.

### B.  IMPROPER VENUE

This Court recently issued a ruling (Dkt. No. 43) on Defendant Anthony Clark's Motion to Dismiss for Improper Venue (Dkt. No. 38). The Court found that venue was improper with respect to Clark because Clark neither resides nor "may be found" in the Eastern District of Texas. Though the Complaint in this case alleges that venue is proper under 28 U.S.C. § 1400(a), Plaintiff's Response to Clark's Motion to Dismiss (Dkt. No. 39) suggests that no more than three defendants in this case (Does 272, 705, and 1415, at IP addresses 72.26.3.137, 99.22.254.26, and 68.90.128.77, respectively) can reasonably be expected to reside or be found in the Eastern District of Texas. Accordingly, Plaintiff Funimation Entertainment is hereby ordered to **SHOW CAUSE** why this case should not be dismissed for improper venue under 28 U.S.C. § 1406(a), with respect to all defendants except Does 272, 705, and 1415, and reasonable attorneys' fees awarded to those defendants under 17 U.S.C. § 505.

### C.  UNREGISTERED COPYRIGHT

The Copyright Act requires copyright holders to register their works before suing for copyright infringement. 17 U.S.C. § 411(a). The Complaint in this case alleges that Plaintiff "is both the exclusive U.S. distributor and copyright owner of the motion picture in question, the copyright registration for which has been duly submitted to the U.S. Copyright Office." Dkt. No. 1, at 2. However, a search of the United States Copyright Office's electronic registration records reveals no copyright registration for *The Legend is Born: Ip Man*, nor any copyright held by

2

Funimation Entertainment that could plausibly apply to the film in question. Moreover, the U.S. Copyright Office indicates that it ordinarily processes registrations over the course of three to four-and-a-half months. *See* U.S. Copyright Office, *I've Submitted My Application, Fee, and Copy of My Work to the Copyright Office. Now What?* (June 10, 2013), http://www.copyright.gov/help/faq/faq-what.html#certificate.

Accordingly, Plaintiff Funiation Enterteinment is hereby ordered to appear before the Court to **SHOW CAUSE** why this case should not be dismissed for failure to register a copyright in suit under 17 U.S.C. § 411(a), and reasonable attorneys' fees awarded to defendants under 17 U.S.C. § 505. Should Plaintiff fail to show appropriate cause, the Court may consider imposing sanctions against Evan Stone, Attorney for Plaintiff, under Rule 11(c) for making factual contentions having no evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

**So ORDERED and SIGNED this 17th day of September, 2013.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

3